## William Anderson v. Edward L. Russell.

*Estates of deceased persons: Claims: Administrator: Evidence.* The fact that an administrator on the hearing of a claim before the commissioners did not take the stand to contradict the testimony of the claimant, is not one from which inferences can safely be drawn against the estate.

*Estates of deceased persons: Claims: Evidence.* On the hearing of a claim presented against an estate where the question in dispute is whether the deceased had, just before his death, borrowed the amount of two notes produced, or whether, on the other hand, one of them represented a sum which was afterwards included in the other, much latitude of examination is allowable, within the discretion of the trial court, into circumstances that would tend to throw light upon the controversy, such as the amount of money the deceased received or had at about the time alleged.

*Evidence: Corroboration.* A party cannot support his positive testimony of facts stated upon his own knowledge by testifying himself to other consistent or corroborative facts that are immaterial in themselves, and which, like the facts sought to be corroborated, rest entirely upon his own oath.

*Heard April 19. Decided April 20.*

Error to Lenawee Circuit.

The matter in controversy in this case relates to a claim of the plaintiff in error against the estate of Edwin J. Bryan, deceased, of which defendant in error is administrator. The claim was upon two promissory notes and a small account. The commissioners on claims allowed the amount of one of the notes and the account, and disallowed the amount of the other note. The claimant appealed, and upon the trial in the circuit the jury reached the same result as the commissioners did. The claimant brought error.

*A. L. Millard,* for plaintiff in error.

*Stacy & Underwood* and *Walker & Weaver,* for defendant in error.

COOLEY, CH. J:

We are not satisfied that any error was committed on the trial of this cause.

The fact that the administrator did not put himself upon the stand on the hearing before the commissioners, to contradict the testimony of the claimants, is not one from which inferences can safely be drawn against the estate. Many things might influence the administrator in abstaining from being sworn. It would usually be reason sufficient that the claimant's case, as it then stood, was so weak that the commissioners must reject his claim; and that may have been the administrator's opinion in this case. The result demonstrated that his testimony would have been of no importance, and we may as fairly attribute his abstaining from taking the stand to a conviction that it was unnecessary as to any other cause. Parties are usually quite excusable in abstaining from giving their own evidence if they deem it not absolutely essential, because interest always does and must subject it to more or less suspicion. And while this fact should be of slight weight when one sues in a representative character, we cannot say that one may not with propriety defer to it where he thinks he can do so without prejudice to the interests he represents.

The latitude of examination that was allowed in the case of Mrs. Bryan and Mr. Russell was fairly, we think, within the discretion of the court. The question in dispute was, whether the intestate had borrowed the sums, represented by the two notes, just before his death, or whether, on the other hand, one of the notes represented a sum which was afterwards included in the other. There was no possible method of meeting the complainant's case, if it was untrue, except by the circumstances which would tend to show that the intestate received no such money at about the time alleged, and others of similar nature. It is difficult to draw any exact lines in such cases; the parties ought to be allowed large liberty in bringing forward circumstances which could fairly throw light upon the controversy; especially as the estate is placed at great disadvantage in not having the explanations of the intestate as guides in developing the facts. We do not think there was any abuse of discretion in this case.

ANDERSON *v.* RUSSELL.

Nor was there error in ruling out the questions put to the plaintiff concerning his continuous possession of the disputed note, and the amount of money he had at the dates of the two notes respectively. The facts it was sought to bring out were not material, and the purpose of the questions could only have been to support evidence the plaintiff had already given by proving other consistent facts. Such evidence coming from other persons might have had some such tendency; but when the question is whether one fact to which a witness testifies is correct, it can receive no support whatever from his swearing to another which, though consistent with the first, must, like that, rest entirely upon his own statement.

The judgment must be affirmed, with costs.

The other Justices concurred.