ELLEN GAVIGAN v. DOUGLASS SCOTT.

*Replevin for property taken on execution— Witness.*

A wife replevied, as her own, property that had been seized on execution against her husband, and on the trial called her husband to show that it belonged to her. *Held* proper to cross-examine him as to his own use of the property, and of its proceeds, and also as to his business, what he did with his earnings, and where his wife got her money to pay for the property in suit.

In replevin by a wife for property claimed by her, but seized on execution against her husband, there was evidence that the husband had given a chattel mortgage on it; but, being called as a witness for his wife, he testified that he did not remember doing so. *Held* proper to put the mortgage in evidence.

Where defendant in replevin justifies under a writ of execution, the record of the judgment and proceedings on which it issued are receivable in evidence.

Defendant's counsel has a right to comment to the jury upon the plaintiff's omission to produce important witnesses who are within reach.

The mere fact that a husband has given a chattel mortgage on his wife's property does not tend to show that he owned it, if there is no evidence of his wife's consent or knowledge therein, or that it was given for her.

Error to Alpena. (Emerick, J.) June 6.—October 10.

REPLEVIN. Plaintiff brings error. Reversed.

*J. D. Turnbull* for appellant. As between man and wife, use and possession of property is not evidence of ownership in the husband: *White v. Zane* 10 Mich. 333; *Hill v. Chambers* 30 Mich. 422; *Davis v. Zimmerman* 40 Mich. 24.

*J. B. Clayberg* for appellee. Possession and use of property and personal control over it are more convincing facts, sometimes, than testimony of interested persons as to ownership: *Comstock v. Smith* 20 Mich. 344; and may justify a verdict against such testimony: *Molitor v. Robinson* 40 Mich. 200; a wide range is allowable in cross-examination in such cases: *Campau v. Dewey* 9 Mich. 381; *Dann v. Cudney* 13 Mich. 239; *Thompson v. Richards* 14 Mich. 172; *D. & M. R. R. v. Van Steinburg* 17 Mich. 99; *O'Donnell v. Segar* 25 Mich. 367; *Wilson v. Wagar* 26 Mich. 452; *Campau v. Traub* 27 Mich. 215; *Hamilton v. People* 29 Mich. 173; *Haynes v. Ledyard* 33 Mich. 319; *N. Y. Iron Mine v. Negaunee Bank* 39 Mich. 644.

SHERWOOD, J. The plaintiff in this case is the wife of John Gavigan, against whom the defendant, as sheriff of Alpena county, held an execution in 1882 for service, requiring him to collect thereon about the sum of four hundred dollars, and which the defendant levied upon a threshing-machine and horse-power as the property of the defendant, and took the same into his possession for the purpose of making sale thereof under the execution. Thereupon the plaintiff laid claim to said property as hers, and demanded possession thereof. Defendant refused to give it up, and plaintiff brought her suit in replevin therefor. The defendant had judgment at the circuit, and the plaintiff brings error.

It is in evidence, and not controverted, that the plaintiff ever since her marriage, which was in 1869, has carried on various kinds of business; that what property her husband had when he married he gave to her, and that she has always

carried on the business, done it in her own name,—her husband, whenever doing any of the business, acting as her agent; that at the time the transaction occurred out of which this suit arose, she was keeping hotel,—her husband worked and made purchases for her when necessary in carrying on her business, acting as her agent; that the real estate they occupied was owned by her and she held the title thereto; that the plaintiff's husband made the purchase of the threshing-machine at Battle Creek, she claiming that it was for her, and that she signed the notes given for the purchase money, and obtained one Albert Pack to endorse the notes with her; that she ran the hotel and had her husband run the threshing-machine; that she had the benefit of her husband's labor in carrying on her business and acquiring property, and in all her dealings with others the accounts on both sides were kept in her name, and that defendant was informed at the time he made the levy that plaintiff owned the property.

It was claimed by the defendant's counsel that the judgment sought to be collected, and upon which said execution issued, was rendered in an action of trespass for an assault and battery committed by said John Gavigan upon the plaintiff therein named, and the property levied upon was that of the defendant in execution and not that of Mrs. Gavigan.

The trial was had before a jury, and the husband was sworn and examined by the plaintiff as a witness, and testified to the purchase and ownership of the machine by the plaintiff, and upon the cross-examination the defendant attempted to show that what he had testified to was not correct, and that the witness purchased and owned the property, and for that purpose asked the witness six questions, which were objected to as immaterial. The first, second and fourth relate to the witness' use of the property and what he did with its proceeds; the third, fifth and sixth inquire after the witness' business, what he did with his earnings, and where the plaintiff got her money to pay for the property. Of course, if they were proper for any pur-

pose, the objection taken was untenable, and we think they were all proper as tending to discredit the witness, or to show ownership of the property in him.

The record shows that some time, either at or after the time of the purchase of the machine, a chattel mortgage was given upon the property by John Gavigan to secure the payment of the notes given for the machine, and bearing same date as the notes, and filed two days thereafter. This mortgage was offered in evidence by defendant's counsel, and was received, against plaintiff's objection that it was immaterial. There was no error in this. Plaintiff had placed her husband upon the stand as her witness, and he testified that he did not remember giving such a mortgage. The evidence was proper to test his recollection as well as credibility. The record of the judgment and proceedings whereon the execution was issued were properly received in evidence. The defendant was an officer, and sought to justify under his writ. Defendant's counsel had the right to notice, in his remarks to the jury, that important witnesses for the plaintiff, who were within reach, were not produced or sworn in her behalf. It was a circumstance in the case, and the ruling complained of in this regard does not fall within any of the decisions heretofore made by this Court. *Knowles v. People* 15 Mich. 413; *Anderson v. Russell* 34 Mich. 110.

There was but little testimony given in the case, and mostly by John Gavigan; and there was no attempt to impeach or contradict him, except by the introduction of the mortgage. Only Mr. Pack's book-keeper, and the defendant were sworn on the trial, beside Mr. Gavigan, and their testimony was strongly corroborative of his; in fact, the book-keeper says the plaintiff bought the machine, and there is no evidence showing, or tending to show, that she ever transferred or conveyed it in any manner to Mr. Gavigan.

The court, in giving his charge to the jury, told them in substance, among other things, that the mortgage was competent testimony as tending to show ownership of the property in the husband. We think, as the case went to the

jury, this was error.   The instruction would have been correct had there been any evidence in the case tending to show that the plaintiff consented to the giving of the mortgage, or that it was given for her by him, or that she had knowledge of the giving of the same, but without proof of either of these facts it was improperly received for the purpose stated.

The judgment must be reversed with costs and a new trial granted.

GRAVES, C. J. and CAMPBELL, J. concurred.

COOLEY, J. I do not understand that the judge's instruction submitted the evidence respecting the chattel mortgage to the jury as evidence tending to show title in John Gavigan. If I did, I should agree it was erroneous.