[No. 1120. Decided June 11, 1894.]

EDNA L. MITCHELL, *by her Guardian ad litem, Emily H. Mitchell, Respondent,* v. THE TACOMA RAILWAY AND MOTOR COMPANY, *Appellant.*

STREET RAILWAYS — ACCIDENT AT CROSSING — NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS — IMPROPER ARGU-MENT.

In an action against a motor company for negligently running over a child of tender years on or near a crossing, defendant is not entitled to a non-suit on the ground of the insufficiency of the evidence when there is evidence showing that the gripman did not keep such a lookout as the circumstances demanded, nor give any warning of approach, and that, after discovering the child on the track, the car might have been stopped sooner, if the brakes had been in proper condition.

In an action for damages against a motor company, where one of the issues is that plaintiff was guilty of contributory negligence in suddenly running in front of the car while it was in motion, it is misleading to charge the jury that "all persons have a right to be on and pass along the street, and one is not a trespasser because he happens to be on the line or track of a street car."

In such an action instructions are erroneous which ignore the question of the contributory negligence of plaintiff, while they emphasize the fact that plaintiff was a child of tender years, and not chargeable with the same care as adults, but that defendant was chargeable with a greater degree of care toward children, and what would not be negligence toward an adult might be in the case of a child of tender years.

Where one of the parties to an action asks the court for instructions on the whole case, and the court charges as requested, the errors of incompleteness therein are imputable to the party requesting the instructions, and a failure of his opponent to ask for more specific instructions is not a waiver of the error.

In an action to recover for injuries received through the alleged negligence of defendant, it is error to refuse defendant's request for a charge to the jury that, if it appeared from the evidence that the injury to the plaintiff may have been the result of either mere accident or of negligence on the part of defendant, no recovery could be had.

In such an action instructions were properly refused which requested the court to charge that certain facts would be no evidence

of negligence or that other facts would be evidence of contributory negligence, as it is generally a question to be determined by the jury whether certain facts do or do not constitute negligence.

It is not negligence *per se* to be upon a railway track at a place other than that where pedestrians usually cross the street; nor does the fact that injury was received while engaged in playing on the street constitute negligence *per se*.

Where a party to an action employs the usual means to procure the attendance of an important witness, but fails, the adverse party has no right to comment on his absence to the prejudice of the party failing to call him.

*Appeal from Superior Court, Pierce County.*

*Crowley & Sullivan,* for appellant.

*Ben Sheeks ( F. G. Merrill,* of counsel), for respondent.

The opinion of the court was delivered by

ANDERS, J.— On April 27, 1892, the appellant was the owner of a cable car line, and was operating the same on certain streets in the city of Tacoma, one of which was Thirteenth street.

It appears that Thirteenth street crosses Tacoma avenue on a level, but from the eastern side of the avenue it suddenly descends, causing a steep grade upon the line of the railway at that place.   On the day above mentioned, the respondent, a girl of the age of eight years and four months, while on Thirteenth street at or below the crossing on Tacoma avenue, was struck, knocked down and shoved along the track for some distance by one of appellant's cars which was passing eastward down Thirteenth street, and thereby severely injured.   Subsequently this action was instituted to recover damages for the injuries thus received and which the plaintiff claimed were caused by the negligence of the defendant.   The alleged negligence is set forth in the complaint as follows: That on the twenty-seventh day of April, A. D. 1892, the plaintiff was traveling on said Thirteenth street, where the said street and the said cable line crossed

Tacoma avenue, and while plaintiff was on said street, the defendant carelessly and negligently caused one of its cable cars to pass rapidly over its said track along said street, and negligently and carelessly omitted its duty while passing said crossing to give any signal by ringing the bell, or to keep watch for persons on the street, and negligently and carelessly omitted its duty to have its said car so constructed, equipped, controlled and managed that it could be stopped in case of a possible accident within a reasonable distance; that in consequence thereof the car struck the said plaintiff and knocked her down, and dragged her along its track for a distance of sixty-eight feet before the said car was or could be stopped, whereby plaintiff's head and face were bruised, injured, permanently disfigured, and other serious injuries inflicted on her body.

These averments of the complaint were denied in the answer of the defendant, and the defendant affirmatively alleged that on said date the plaintiff carelessly and negligently at a point on said Thirteenth street, where the same is very steep, and the grade heavy, ran in front of the cable car of defendant then being operated upon its said line of street railway, and was struck by said car without any fault or negligence on the part of the defendant or its servants, agents or employés, and that defendant did not and could not see plaintiff in time to stop said cable car on said grade and prevent the same from striking her; and averred that the plaintiff, Edna L. Mitchell, darted on to said track in front of said car suddenly and while it was so close to her, and while the car was in motion, that the same could not be stopped in time to avoid striking her. It was further alleged in the answer that the injuries complained of were occasioned solely by reason of the carelessness and negligence of the plaintiff, and the carelessness and negligence of her parents and guardians, in allowing

her to play on said street, and without any fault, negligence or want of care on the part of the defendant.

A trial was had upon the issues thus formed by the pleadings, and a verdict was returned by the jury in favor of the plaintiff.   A motion for a new trial was duly filed by the defendant and denied by the court, whereupon judgment was entered upon the verdict against the defendant for the sum of $12,000.

At the close of the testimony counsel for the defendant requested the court to instruct the jury to return a verdict for the defendant, which request the court refused, and this ruling of the court is assigned as error.   It was a disputed question at the trial whether, when the plaintiff was struck by defendant's car, she was on the cross walk on Tacoma avenue or on Thirteenth street below the crossing provided for pedestrians.   Some of the witnesses thought the accident occurred at the former place while others were equally positive that it happened at the latter.   But there is no dispute that the respondent, when struck, was standing on or near the car track, and was knocked down in front of the car and that a portion of the car passed over her before it was stopped.   The testimony discloses that the car first struck the respondent either upon her back or her side, but when she was extricated from beneath the car it was discovered that her skull was fractured, and one side of her face very seriously mangled and torn, and that there was a pool of blood upon the track about seven or eight feet above where she was picked up. It is therefore almost certain that the principal injuries received by the respondent were not inflicted until the car had moved some distance after first striking her.   According to the testimony of the conductor the car was stopped fifty-four feet below the crown of the hill, or lower side of Tacoma avenue, and twenty-eight feet from the point where it first came in contact with the respondent.   And

Harvey Johnson, one of the respondent's witnesses, who was on the sidewalk on Thirteenth street just below the avenue, and who started down the hill at the same time the car did, says he saw the occurrence and that the girl was struck by the car on Thirteenth street about twenty-five or thirty feet below the crossing. On the other hand, the respondent claims that she was on the crossing on Tacoma avenue when she was struck, and in this she is corroborated by two other witnesses who saw the collision but were at the time a considerable distance from where it occurred. The exact place of the accident, however, is material only in so far as it may affect the question of whether or not the appellant was exercising due care and caution at the time it happened. The care required of those operating street cars is such as ordinarily cautious and prudent men would exercise under like conditions and circumstances, and is proportioned to the danger to be guarded against, and the fatal consequences which are likely to result if it is omitted. And hence a greater degree of vigilance and caution is exacted at street crossings and places known to be frequented by persons generally, and especially by children, than at places where danger of injury is not so apparent. Now, it is contended on behalf of the appellant that no matter at which of the two places described by the various witnesses the accident occurred, the evidence is wholly insufficient to sustain any of the allegations of negligence contained in the complaint, and that therefore it was manifest error to refuse the request to direct a verdict for the defendant.

But, after a careful consideration of all of the testimony and circumstances in the case, and giving the respondent the benefit of all just inferences that might be drawn therefrom in her favor, as we are required to do under the well established rule of law in such cases, we have concluded, though not without some degree of hesitation, that the re-

quest was properly refused.   There is some evidence tending to show that the gripman at and just below the crossing of the avenue did not keep such a lookout in front of his car as the place and circumstances demanded, and that he might have stopped the car, if the brakes were in proper condition, sooner than he did.   It appears that he did not see the respondent until the car was within about five feet from her, though one of the witnesses stated that she might have been seen for a distance of thirty-five feet.   And although he "hallooed" and applied the brakes as soon as he discovered the girl near the track, the car almost instantly struck her and threw her forward on the track about eight feet, and afterwards ran from twenty-eight to sixty feet before it was stopped.   Whether, under all of the circumstances, including the fact that the respondent was seen by the conductor and gripman playing "tag" with another little girl, and running back and forth to and from the car track, the injury might have been averted by the exercise of reasonable diligence and watchfulness on the part of the appellant's employés, and whether the respondent was guilty of contributory negligence in placing herself in dangerous proximity to the track without seeing the approach of the car, were questions which, we think, were properly submitted to the consideration of the jury.

It does not appear from the evidence that there was any municipal ordinance requiring the ringing of a bell at street crossings, or elsewhere, by street railway companies in the city of Tacoma, but it does not necessarily follow that, under no circumstances, the omission to do so would constitute negligence.   It is the duty of those having charge of street cars to give warning of their approach to all persons who may be dangerously near the cars, and especially those who may not be aware of their presence, whether required so to do by ordinance or not, and a failure to give such warning will render the company liable

for injuries resulting therefrom. Elliott, Roads and Streets, p. 586.

The next ground urged by the appellant for the reversal of the judgment is that the court erred in giving certain instructions to the jury at the request of the plaintiff. The following are those especially complained of:

"1. All persons have a right to be on and pass along the streets, and one is not a trespasser because he happens to be on the line or track of a street car."

"3. In determining whether the plaintiff or defendant was guilty of negligence, if either of them was, you should take into consideration the age and intelligence of the plaintiff. The law does not require the same degree of caution from a child of tender years as would under like circumstances be required of an adult; but the degree of caution required is to be determined by the maturity and capacity of the child. So that what you might consider under the same or similar circumstances would be negligence on the part of a grown person would not necessarily be so considered by you in case of a child of tender years."

"4. If you find that the contributory negligence of the plaintiff did not cause the injury, and you come to consider whether or not the injury was caused by the negligence of the defendant, you should take into consideration, not only the age and capacity of the child, but also the nature and character of the line of cars the defendant was operating as being dangerous or otherwise to persons on the streets. The law requires those operating dangerous implements to exercise vigilance, care and caution, and especially at such places as are known to be frequented by persons generally. The law requires greater care and caution towards a child of tender years than it does towards an adult; so that what you might not consider negligence towards a grown person you might consider negligence towards a child of tender years."

We entertain no doubt of the correctness of the propositions of law contained in the first of these instructions, abstractly considered, but we are nevertheless of the opinion that the instruction, without any qualification or any ex-

planation of the relative duties of the railway company and of the plaintiff, was misleading and may have been highly prejudical to the defendant.

It was not claimed by the defendant that the plaintiff was a trespasser upon its track, or that she had not a right to be on and pass along the street, but it was claimed that she was guilty of contributory negligence in suddenly running in front of the car while it was in motion, and so near to it that it could not be stopped before striking her.

The testimony of the plaintiff herself showed that she was playing "tag" in the street, and ran out to the track, and stopped to look for her playmate just prior to the accident, and there was also other testimony to the same effect.   And the conductor of the car testified that the plaintiff, unexpectedly to him, jumped in front of the car as quick as lightning.   But no instructions were given to the jury as to what acts, if any, on the part of the plaintiff would constitute contributory negligence, and the jury might well have inferred, from the clear and positive language used in this instruction, that the plaintiff would not be guilty of negligence in being upon the track of defendant's railway, even if they believed that she voluntarily "jumped" immediately in front of an approaching car.

The third and fourth instructions are also faulty, not especially because they do not state the law correctly as far as they go, but because they do not go far enough in some particulars.   They are too general to furnish proper guides for the jury.   It is undoubtedly true that the law does not require the same degree of caution from a child of tender years as would, under like circumstances, be required of an adult, and that the degree of caution required is to be determined by the maturity and capacity of the child.   But it was not alone necessary for the jury to ascertain the capacity of the plaintiff to observe and avoid danger.   It was equally necessary to know whether or not she made

such use of that capacity as the law required, and the instructions furnished no rule by which that fact was to be determined. The plaintiff was bound to use the care and caution which under the circumstances might be reasonably expected of one of her age and capacity, and the court should have so instructed the jury. *Eswin v. St. Louis, etc., Ry. Co.*, 96 Mo. 290 (9 S. W. 577); *Barr v. Kansas City*, 105 Mo. 550 (16 S. W. 483).

While the duties of the company were clearly and explicitly set forth, in general terms, in the fourth instruction, and the jury were told that the law requires greater care and caution towards a child of tender years than it does towards an adult, and that what might not be considered negligence towards a grown person might be considered negligence towards a child of tender years, the jury were given no criterion by which to determine whether the defendant exercised proper care and caution under the circumstances of this particular case. It is obvious that more care would be required from persons operating street cars towards a child of the age of two years who might be on or near the track than would be required towards one of the age of eight or ten years, and hence the care and caution required towards any particular child is proportioned to its age and its apparent want of capacity to take care of itself. If, therefore, the defendant was guilty of negligence it was not merely because the law imposed upon it the exercise of a greater degree of care toward children of tender years than towards adults, but because it failed to discharge its duty towards this very child, and that duty was to exercise ordinary care, vigilance and caution to prevent injury to her by its cars, taking into consideration her age and apparent maturity and capacity. The court charged the jury generally that if the plaintiff was guilty of contributory negligence she could not recover, and that and the first, third and fourth instructions were the only

ones given by the court touching the negligence of either party. In them the duties imposed by the law upon street railway companies are clearly and unequivocally indicated, but the charge nowhere suggests or states that there was any duty whatever resting upon the plaintiff. The plaintiff's theory of the case was thus made prominent before the jury while that of the defendant was measurably concealed. The question of the contributory negligence of the plaintiff was one of vital importance on the trial of this case, and should have been fully, fairly and intelligently submitted to the jury.

But the learned counsel for the respondent insists that at most the instructions given were incomplete merely, and did not amount to a positive misdirection, and that they therefore afford no grounds for reversal for the reason that the court was not requested to make them more specific. The principle contended for is a sound and reasonable one, and has often been justly recognized and applied by the courts; generally, however, in cases where the trial judge did not, of his own motion, instruct the jury upon every question raised by the evidence. In such cases it is the duty of the party claiming to have been injured to request proper supplementary instructions. But in this case we do not think the learned counsel for the respondent is entitled to the benefit of the rule he invokes. He asked for instructions on the whole case, and the court charged the jury as requested, and hence all errors therein are imputable to the respondent, rather than to the appellant. And, besides, the errors indicated were not altogether unchallenged, and cannot therefore be attributed to mere oversight. Having undertaken to present the law applicable to both sides of the case, it was the respondent's duty to do so as fully and impartially for one side as for the other, which, as we have seen, was not done.

Error is also predicated upon the refusal of the court to

give certain instructions requested by the defendant.    On account of the great number of these requests, we find it impracticable to set them all out here *in hæc verba*, and therefore content ourselves with a somewhat general discussion of the points raised by them.    The first request was for a verdict, and has been disposed of already.    The third instruction was to the effect that if it appeared from the evidence that the injury to the plaintiff may have been the result of either mere accident or of negligence on the part of the defendant, no recovery could be had, as in such case there would not be a preponderance of proof showing negligence on the part of the company.    We think this request was proper, and should have been given.    Negligence will not be presumed, but must be proved as alleged, and is not made out merely by showing a state of facts which tend equally to prove negligence or mere accident.

The fourth request was properly refused for the reason that it, in effect, told the jury that the defendant owed the plaintiff no other duty than to warn her to keep off the track by shouting to her immediately before she got upon the track and was struck by the car.    The question whether the defendant was in the exercise of due care at and before the plaintiff was struck was one for the jury to determine from all the evidence.    Whether certain facts do or do not constitute negligence is generally a question to be determined by the jury and not by the court, though we do not wish to be understood as saying that this is a universal rule.    And, hence, many of the requests which asked to have the jury directed that certain facts would be no evidence of negligence were properly refused.    Instructions 5, 7, 8, 13, 14 and 15 were of this character.    It may or may not be evidence of negligence not to ring a bell at a particular time or place, or not to slacken the speed of the car, or not to anticipate that a person would attempt to cross the track in front of a moving car.    But these were

all questions for the jury under the circumstances of this case.

It is not proper to charge juries with respect to the facts, and counsel for the respondent contends, and not wholly without reason, that requests 19, 20 and 21 were objectionable on that ground. But however that may be, we think it would have been error to have given them precisely as tendered. For while it is true that there was no *positive* testimony showing that the brakes or grip upon the car which struck the respondent were out of repair, or that the car was so constructed and equipped that it could not be stopped in case of an accident within a reasonable distance, yet it would not have been strictly correct to have told the jury that there was *no* evidence at all tending to establish these facts. The mere circumstance that the car ran an unusual distance before it was stopped was some evidence either of improper management or that it was out of repair, or that the brakes were defective.

It is claimed by appellant that, inasmuch as the evidence discloses that the plaintiff was familiar with the operation of street cars and knew that the cars of the defendant were frequently passing down Thirteenth street, she was guilty of contributory negligence if she attempted to cross the street over the track without looking to see whether or not there was a car approaching, and that the court therefore erred in not giving the jury the tenth instruction asked for by defendant. Ordinary prudence and common sense suggest to every one, who is aware of the present character and operation of street cars, that it is dangerous to pass immediately in front of them while in motion, and one who does so, without looking or listening, when if he had looked and listened he could have discovered the car, is presumptively guilty of negligence. See Booth, Street Railway Law, § 312, and cases cited. But the request under consideration, although based upon this doctrine,

was rightfully refused for the reason that it was for the jury, and not the court, to judge what the knowledge of the plaintiff was as to the character and movement of the cars.

We perceive no valid objection to the ninth instruction requested by the defendant, but the sixteenth and seventeenth, as well as the sixth, were properly withheld from the jury. It was not negligence *per se* to be upon the railway track at a place other than that where pedestrians usually crossed the street, as suggested in the seventeenth request, because all persons have a right to cross a public street at any place. Nor was the plaintiff necessarily deprived of a recovery because she was injured while engaged in playing on the street, as was implied in the sixth request. See *Donaho v. Vulcan Iron Works*, 75 Mo. 401; *McGuire v. Spence*, 91 N. Y. 303.

It appears that Metcalf, the gripman who was on the car at the time the plaintiff was injured, was not present at the trial, but it also appears that he was subpoenaed in a distant county, and failed and refused to attend the trial and testify as a witness for the defendant. In their argument to the jury counsel for the plaintiff commented on the absence of Metcalf and asserted, in effect, that the company might in some way have secured his attendance, if it believed that his testimony would be favorable to the defense. The defendant, by its attorneys, objected to the remarks of plaintiff's counsel, whereupon the court directed counsel to confine himself to the testimony, and to proceed no further with his argument on that point.

At the close of the trial the defendant requested the court to instruct the jury that, "the fact that Metcalf, the gripman who was on the car at the time Edna Mitchell was injured, was not present and did not testify as a witness in the trial of this action, cannot be considered by you as a circumstance either favorable or unfavorable to the

plaintiff or to the defendant.'' The court refused to so charge the jury, and the defendant excepted. We are of the opinion that, under the circumstances mentioned, the instruction should have been given. It may be stated as a general rule that counsel has a right to comment on the fact that a person who has been shown to be an important witness for the adverse party, and within reach, was not called on his behalf. *Gavigan v. Scott*, 51 Mich. 373 (16 N. W. 769); *Gray v. Burk*, 19 Tex. 228. But this rule is not applicable in a case like this, where the adverse party employed the usual means to procure the attendance of the witness, and failed. If the defendant had not, in any way, endeavored to secure the testimony of this witness, the omission would have been a circumstance for the consideration of the jury. *Reynolds v. Sweetser*, 15 Gray, 78. The only available witness, the conductor, was called and testified for the defendant, and even if the defendant had made no effort to secure the testimony of the gripman, it would not have authorized the jury to infer that his testimony would be prejudicial. *Bleecker v. Johnston*, 69 N. Y. 309. We think the instruction tendered was entirely fair to both parties, and for the reasons indicated should not have been refused.

Inasmuch as there must be a new trial of this action, we do not deem it proper to express any opinion upon the further point made by the appellant that the verdict was excessive, and we will leave that question to the unbiased judgment of the jury. We see no prejudicial error in the ruling of the court upon the objections to the introduction of testimony on behalf of the plaintiff.

The judgment is reversed and the cause remanded for a new trial.

STILES and HOYT, JJ., concur.

DUNBAR, C. J., and SCOTT, J., dissent.