DOWLEN et al. v. TEXAS POWER & LIGHT CO. et al. (No. 1414.)

(Court of Civil Appeals of Texas. Texarkana. March 8, 1915. Rehearing Denied March 18, 1915.)

1. ELECTRICITY ⬤⟜19—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE—INSTRUCTIONS.

    In an action for personal injuries to a boy of 13 by voluntarily touching a telephone guy wire negligently allowed to become charged with electricity by defendants, it was unnecessary to sub-

mit to the jury the issue whether the plaintiff's contributory negligence was a proximate cause of his injury; if the conduct was negligent, it could not be found otherwise than that it was a proximate cause.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. ☞19.]

2. NEGLIGENCE ☞85—CONTRIBUTORY NEGLIGENCE—CHILDREN.

A boy of 13 suing for personal injuries caused by defendant's negligence, was not guilty of contributory negligence if he had exercised the prudence that a child of his age, intelligence, and experience would ordinarily manifest under the circumstances.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–128; Dec. Dig. ☞85.]

3. NEGLIGENCE ☞122—CONTRIBUTORY NEGLIGENCE OF CHILD—BURDEN OF PROOF.

Where the action was by a boy of 13 for injuries caused by negligence of defendants, the burden was on him to prove that he did not possess sufficient discretion and intelligence to fully appreciate the conditions surrounding him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 221–223, 229–234; Dec. Dig. ☞122.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by Cora L. Dowlen and another against the Texas Power & Light Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Thos. P. Steger, of Bonham, for appellants. W. S. Bramlett and S. P. English, both of Dallas, and Cunningham & McMahon, of Bonham, for appellees.

HODGES, J. This suit was instituted by Cora L. Dowlen, as the next friend of her minor son, V. A. Dowlen, against the Texas Power & Light Company and the Southwestern Telegraph & Telephone Company, two private corporations, to recover damages for personal injuries. It is alleged that on or about the 11th day of February, 1914, the minor plaintiff was injured as the result of a shock produced by an electric current received by coming in contact with a guy wire attached to one of the posts belonging to the telephone company in the city of Honey Grove. It is charged that both the telephone company and the power and light company were negligent in permitting this guy wire, situated near one of the public streets of the city, to become charged with a heavy current of electricity.

The facts show that at or about the time stated above both of these companies were operating in the city of Honey Grove. The telephone company was owning and operating a line of telephones, and the power and light company was engaged in furnishing electricity for the purpose of lighting the city, and each had the usual wires and posts necessary for the conduct of such business. On one of the streets the telephone company had supported one of its posts with what is called a "guy rod," running from near the top of the post to the ground. On account of

the contact at some point with a wire belonging to the power and light company, this guy wire had become charged with electricity. On the date of the injury the minor plaintiff and a companion by the name of Martin, somewhat older, went to this place for the purpose of seeing the wire and observing the peculiar phenomena produced by a charged wire. Martin testified that he carried young Dowlen to the place to show him the wire, thinking it would be of interest. He says:

"I took him [referring to the minor plaintiff] out there, well, just for curiosity, I think, mostly. I told him the wire was charged with electricity. When he started to touch his finger to it I told him not to, that it would kill him, or something of that nature, and he withdrew his finger. After that he seemed to touch it with his finger, and it seemed to throw him or he fell on the wire, and that was the time that it threw him down and hurt him. * * * There wasn't anything peculiar going on about that wire then, but I thought maybe there might be. I think it was that morning I had noticed it was damp and the steam coming up from the ground, you know, where it was grounded, but it was not that way that evening, or I didn't notice it."

The testimony shows that Martin was about 17 years old, and the minor plaintiff about 13 years of age.

V. A. Dowlen himself testified, among other things, as follows:

"Frank [referring to the witness Martin] said there was a wire out there, and we went out there to see it. He said it had been sparking. He said the guy wire had been sparking. We went out there where it was, and he showed me the wire that had been sparking. It was the guy wire there at the southeast corner of the intersection of those two streets. When I got there I picked up a weed and hit it with it. It was a flax weed, about two or three feet long and I hit this guy wire with it to see if it would spark. When I hit the guy wire with the weed it didn't do nothing, but the next thing I remember was when they was taking me to the house after I had been shocked. I don't know how I came in contact with this guy wire. The last thing I know is when I touched it with a weed to see if it would spark. * * * I did not know it was dangerous to go about that wire. I had had no experience with electricity, and did not know whether there was electricity on that guy wire. We have electric lights in our house, and I have been shocked a little by catching hold of where the wire fastens onto the end of the globe. There would be a little iron piece there that was not wrapped, and I would catch it there."

On cross-examination the same witness testified as follows:

"The Martin boy suggested going out there where that wire was. He told me that wire was charged with electricity. I did not see it smoking around where the wire went into the ground, before I touched it. I knew if it touched anything else it would spark if it was charged with electricity, and I touched it with a dry, dead weed. * * * The Martin boy told me not to touch it; that it was charged with electricity. He also told me if I touched it it would hurt me or might kill me, but I thought he was playing a joke on me. I understood what he said, but I didn't know he meant it would kill me. He told me that before it shocked me."

There was testimony tending to show the existence of physical injuries sustained as

the result of the shock received. The testimony regarding the intelligence of the minor. plaintiff was sufficient to justify a finding that he was a boy of at least average, if not more than average, intelligence and education for one of his age.

The court submitted the case to the jury upon special issues, and the jury found the followings facts: That both the telephone company and the power and light company were guilty of negligence in permitting the guy wire to become and remain charged with a current of electricity. They also found that this negligence was in part the proximate cause of the injury. In response to still another question, referred to in the record as question No. 5, the jury found that the plaintiff in the suit was guilty of contributory negligence in coming in contact with the wire. Upon those findings the court entered a judgment in favor of the defendants below.

As explanatory of the question referring to contributory negligence on the part of the appellant, the court gave the following as a portion of his general charge:

"V. A. Dowlen was required to use such care for his own personal safety as a child of his age, intelligence, and experience would ordinarily use under the same circumstances. If you believe from the evidence that a person of his age, intelligence, and experience would know the danger of touching or coming in contact with said guy wire in the condition it was in, and that said Dowlen voluntarily touched said wire or permitted his person to come in contact therewith, and that, under all the facts and circumstances in evidence, you believe that such touching the wire or coming in contact therewith was a failure on the part of said Dowlen to use that degree of care that a person of his age, intelligence, and experience would ordinarily use under the same circumstances, then you will answer question No. 5 [relating to contributory negligence] in the affirmative."

The following objections to this charge were presented to the court below: First, it tells the jury, in effect, to find the plaintiff guilty of contributory negligence if they find the facts mentioned to exist, without also requiring the jury to find that the conduct on the part of Dowlen proximately contributed to bring about the injuries. Second, because the charge assumes that Dowlen knew the condition of the guy wire at the time and that it was charged with electricity.

[1] It is unnecessary to submit the issue of proximate cause in controversies of this character, except where there may be a difference of opinion as to whether the conduct referred to in fact constituted a proximate cause of the injury. If V. A. Dowlen in this instance was guilty of contributory negligence in touching the wire, then the jury could reach no other conclusion than that this conduct was a proximate cause of his injury, and the court might assume this to be true, as a matter of law. St. L. S. W. Ry. Co. v. Missildine, 157 S. W. 245. The charge is not subject to the second objection.

At the instance of the power and light company the court gave the following special charge:

"(1) In connection with and explanation of question No. 5 in the main charge, you are charged that contributory negligence, as that term is used therein, means some act of negligence, as negligence is explained to you, on the part of the plaintiff, which, in connection with the negligence, if any, of the defendants, or either of them, caused or contributed to and helped cause the injury, if any.

"(2) In connection with question No. 5 in the main charge, and in explanation thereof, you are charged that the plaintiff V. A. Dowlen was required to exercise such care and caution as a child of his age, intelligence, and experience would ordinarily use under similar circumstances. If you find from the evidence that a person of his age, intelligence, and experience would ordinarily know the dangers incident to touching or coming in contact with such wire, and that he did touch or did some act that caused him to come in contact with such wire, then you will answer question No. 5 in the affirmative."

[2] To the first charge quoted above the following objection was presented in the court below: That it holds the minor responsible for his conduct as if he were an adult, in determining the issue of his contributory negligence. That a minor 13 years of age may be guilty of contributory negligence is not denied. The question is: Did the court in this instance apply the proper test? The language both of the main charge and of the special charge makes it clear that the prudence required of the plaintiff in this case was to be measured by what a child of his age, intelligence, and experience would ordinarily do under such circumstances. The following cases support that test: Cook v. Houston Direct Nav. Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52; Evansich v. G., C. & S. F. Ry. Co., 57 Tex. 126, 44 Am. Rep. 586; H. & T. C. Ry. Co. v. Simpson, 60 Tex. 103; Mitchell v. T. R. & M. Co., 9 Wash. 120, 37 Pac. 341; Railway Co. v. Hall, 83 Tex. 675, 19 S. W. 121; Haynes v. Raleigh Gas Co., 114 N. C. 203, 19 S. E. 344, 26 L. R. A. 810, 41 Am. St. Rep. 786.

To the second charge quoted above several objections are filed, among which are the following: (1) That it was on the weight of the evidence in assuming that Dowlen knew the guy wire was charged with a dangerous current of electricity. (2) That it in effect tells the jury that, if such act were committed by Dowlen as that referred to in the charge, this would, as a matter of law, constitute contributory negligence proximately contributing to bring about the injuries. (3) That it in effect tells the jury that, even though Dowlen did not know that the wire in question was charged with a dangerous current of electricity, yet he would be guilty of contributory negligence in coming in contact with it. (4) The language of the charge is confusing. None of these objections are tenable. The court had a right to assume that Dowlen knew that the wire was charged or was likely to be charged with electricity. The evidence shows that he was a boy of sufficient intelligence and experience to know

something of electricity and that it was dangerous. His method of testing the condition of the wire clearly indicated this knowledge. It is unnecessary, we think, to discuss these objections in detail. He had been fully warned of the danger by his older companion.

[3] The court also gave, at the instance of the power and light company, the following special charge:

"On the issue of the plaintiff Dowlen's age, experience, and ability to understand the dangers incident to coming in contact with such guy wire, and of the plaintiff Dowlen's ability to understand the warning given him not to touch such wire, the burden of proof is on plaintiff to show, by a preponderance of the evidence, both that said Dowlen did not have sufficient intelligence and experience to understand the dangers of touching or coming in contact with such wire, and that he did not have sufficient intelligence and experience to understand the warning given him not to touch such wire; and, unless you believe that a preponderance of the evidence establishes such facts, you will answer question 5 of the main charge in the affirmative."

The objection to this charge is that it put upon plaintiff the burden of proving that one of the plaintiff's age and experience was not capable of understanding the warning given him and the consequences of his conduct. The general rule in cases of this kind, where the minor has attained that age where he may be charged with contributory negligence, is that the burden is upon him to prove that he did not possess sufficient discretion and intelligence to fully appreciate the conditions surrounding him. St. L. S. W. Ry. Co. v. Shiflet, 94 Tex. 131, 58 S. W. 945; Waterworks v. White (Civ. App.) 44 S. W. 181. There was no error in the charge given.

We overrule the remaining assignments of error without discussing them.

The judgment of the district court is affirmed.