## DURON et al. v. BEAUMONT IRON WORKS. (No. 922—5009.)

Commission of Appeals of Texas, Section B.
Nov. 1, 1928.

Howth, Adams & Hart, of Beaumont, for plaintiffs in error.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for defendant in error.

LEDDY, J. We adhere to the views expressed by us on the two questions discussed in the original opinion, but have concluded that we were in error in affirming the judgment of the trial court.

■■ The Court of Civil Appeals (297 S. W. 1075) reversed and rendered the judgment of the trial court awarding plaintiff in error a judgment against defendant in error. Having reached the conclusion in our original opinion that the Court of Civil Appeals was in error in rendering such judgment in favor of defendant in error, we would not be authorized to affirm the judgment of the trial court if defendant in error urged in that court any assignment presenting reversible error. We are convinced by the motion for rehearing that defendant in error's assignment complaining of the refusal of its special issue No. 8 should have been sustained.

The trial court, at the request of the defendant in error, submitted special issue No. 1, which reads as follows:

"Gentlemen of the Jury: You will, find the following issue of fact: Did the plaintiff, Robert Duron, have sufficient intelligence and ability to understand the dangers incident to going near, touching or playing with said machinery?"

Special issue No. 8, requested by defendant in error, sought to place the burden of proof upon plaintiff in error on the above issue. The requested instruction reads as follows:

"Gentlemen of the Jury: On the issue of the plaintiff, Robert Duron's intelligence and ability to understand the danger incident to going near, touching or playing with said machinery, the burden of proof is on plaintiff to show by a preponderance of the evidence that said Robert Duron did not have sufficient intelligence to understand the dangers incident to going near, touching or playing with said machinery and unless you believe the preponderance of the evidence establishes that fact, you will answer defendant's special issue No. 1 in the affirmative."

We think the Court of Civil Appeals should have sustained the assignment complaining of the trial court's refusal to give this instruction. While the burden of proof was on the defendant in error to establish the contributory negligence of plaintiff in error, this burden did not go to the extent of requiring the establishment of facts which tended to relieve plaintiff in error from the rule ordinarily applicable to adults. Plaintiffs in error, seeking to avoid the operation of such rule, must assume the burden upon such issue. Dowlen v. Light Co. (Tex. Civ. App.) 174 S. W. 674 (writ refused); St. Louis S. W. Ry. Co. v. Shiflet, 94 Tex. 131, 58 S. W. 945; San Antonio Waterworks Co. v. White (Tex. Civ. App.) 44 S. W. 181.

■■ The court's main charge did not cover the issue thus sought to be submitted. The only instruction given by the court on the burden of proof was the following:

"You are instructed that the burden is on the plaintiffs to establish by a preponderance of the evidence all of the material facts legally necessary to their recovery of a judgment herein."

When a case is submitted on special issues the jury are not presumed to know what facts are essential to be found to entitle the plaintiff to recover. In fact, one of the main objects of submitting a case on special issues is that the jury may solve disputed issues of fact without knowing the legal effect of their findings. The court's main charge, therefore, furnished no guide to the jury as to the burden of proof; hence defendant in error's special instruction, specifically informing the jury that the burden was upon plaintiff in error upon the issue submitted in special issue No. 1, should have been given.

We recommend that the motion for rehearing be granted; that our former judgment affirming the judgment of the trial court be set aside and the judgments of the Court of Civil Appeals and the trial court be reversed and the cause remanded for another trial.

CURETON, C. J. On rehearing former judgment is set aside, and the judgments of the district court and Court of Civil Appeals are reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.