RUSSELL et ux. v. GLEGHORN.

No. 11969.

Court of Civil Appeals of Texas. Dallas.

July 3, 1936.

Rehearing Denied Sept. 19, 1936.

Bond & Porter, of Terrell, for appellants.

W. H. Barnes and Coon & Coon, all of Terrell, for appellee.

BOND, Justice.

This litigation, now the second time upon appeal [(Tex.Civ.App.) 62 S.W.(2d) 285], has its origin in a verbal contract entered into between the appellee, J. D. Gleghorn, and the appellants, W. A. Russell and

Mary Russell, for improvements on two houses owned by appellants.

Appellants' contention is that the contract price of $260 was for improvements to be made by appellee on two houses, whilst that of appellee is that the contract price of $260 was for improvements on each of the houses, or $520 for the two houses. There is a further contention as to whether a subsequent agreement was ever consummated by which appellants were to furnish certain materials to be used in the structures for which they were to be allowed a reduction of $150 on the contract price; and still, a third contention is as to appellee's abandonment of the contract, at a time when appellants had overpaid appellee, and had furnished materials and labor necessary to complete the work contracted to be performed by appellee, amounting to the sum of $95.77.

The case was submitted to a jury on special issues, and as the findings of the jury are in no way challenged by either party, we adopt the jury's findings as the findings of this court.

The pertinent findings of the jury are to the effect: (1) That appellants agreed to pay appellee $520 for the work contracted to be done on the two houses; (2) that appellants and appellee subsequently, while the work was in progress, changed the contract, whereby appellants agreed to furnish certain materials which appellee had contracted to furnish, and for which appellee agreed to allow appellants a credit therefor to the amount of $150; and (3) that appellants had paid to appellee, in money, for the work actually done under the contract, the sum of $265. Upon these findings, the court entered judgment in favor of appellee and against appellants in the sum of $255, together with interest thereon from July 9, 1930, at the rate of 6 per cent. per annum until paid, and all costs of suit.

In submitting the controversy between the parties to the jury, the charge of the trial court contained the following instructions: "You are instructed that the burden of the proof is on the plaintiff (appellee herein) to make out his case by a preponderance of the evidence and if he has failed to do this, you will find for the defendants (appellants herein)."

■ The defendants objected to the above charge, on the ground that it was a general charge, leaving to the jury to determine the issues on which the plaintiff

had the burden of proof to make out his case. Similar charges to this have been repeatedly condemned in cases submitted on special issues. Davis v. Morris (Tex. Com.App.) 13 S.W.(2d) 63; Western Union Telegraph Co. v. Rutledge (Tex.Com. App.) 15 S.W.(2d) 210; Duron et al. v. Beaumont Iron Works (Tex.Com.App.) 9 S.W.(2d) 1104; Gattegno v. The Parisian, et al. (Tex.Com.App.) 53 S.W.(2d) 1005. However, we are of the opinion that to hold a general charge, in cases submitted on special issues, to be error as to cause a reversal of the case, the charge must be of such a nature as to be hurtful, prejudicing the rights of the complaining party. The fact that a general charge is given, and such charge does not suggest to the jury as to the effect of their findings on the judgment to be entered, presents no prejudicial error, and is not sufficient ground to cause a mistrial of the cause. Indeed, courts cannot speculate on the harm which might be done by an erroneous charge, but where the charge is given and the pleadings and evidence clearly show that there exists no harmful effect by the giving of the charge, it is the duty of the appellate courts to sustain the trial court and not reverse the case merely because an error was committed.

■ The appellants in this case, on excepting to the above charge, before it was given to the jury, presented no possible ground showing harmful effect which the charge may cause to the appellants; and, on reviewing the record, we are of the opinion that no harm was done to the appellants by the submitted charge. Appellee's suit was based on issues clearly understandable; and the burden of proof was upon him to prove the affirmative to the questions and the quantum of proof was placed on appellee in the charge. The jury could not have been misled by the charge or cause to speculate on the issues as affecting appellee's case or the result of their answers on the judgment. So, with this state of the record, we can see no error hurtful to appellants. While we do not approve of the charge, in this case it presents no reversible error.

On the verdict of the jury, the original contract price for the improvements was found to be $520, and a reduction of $150 thereon was allowed for materials furnished by appellants; also, $265 in money was found to have been paid by appellants on the contract price. Thus calculating, the

balance due appellee is the sum of $105. The verdict of the jury furnishes no basis by which the trial court could have entered judgment for the sum of $265. The judgment is shown to have been rendered on the findings of the jury, which admits only a judgment for $105.

Therefore, we are of the opinion the judgment of the court below should be reformed, allowing the appellee to recover for the sum of $105, with 6 per cent. interest from July 9, 1930, until paid; accordingly, the judgment of the court below is reformed and, as reformed, affirmed. The cost on appeal is taxed against appellee.