NORTHERN TEXAS TRACTION COMPANY v. GRACE ROYE, BY NEXT FRIEND.

Decided April 1, 1905.

**1.—Street Cars—Negligent Construction—Proximate Cause—Injury to Child.**

Where an open summer street car was in part guarded on the side by a wire curtain so arranged that a child sitting on the outside end of the seats could fall through a space left below the curtain and between it and the edge of the floor, it was properly found that there was negligence in the construction of the car, and that such negligence was the proximate cause of injury to a child of three years that fell from the car.

**2.—Contributory Negligence—Child—Negligence of Parent not Imputed.**

Where a child of three years is injured through the negligence of a carrier in not providing a car safe for small children, negligence of the parents who were in charge of the child at the time in failing to observe the danger of the situation and guard the child against it will not be imputed to the child so as to defeat a suit for its benefit.

Appeal from the District Court of Tarrant. Tried below before Hon. Seth Stewart, special judge.

*Capps & Canty* and *Theodore Mack,* for appellant.—1. Where it is shown that a street car is being properly operated, and a child of tender years, in the custody and control of its parents, is permitted by them to take a position of imminent peril and danger, the danger and peril being obvious to the parents, defendant owning and skillfully operating such car is not liable for injuries resulting to the child, even though the negligence of the parents can not be imputed to the injured child; the rule of law being that the defendant is not liable where the injury results through an intervening cause which could not be anticipated by defendant. Denison & S. Ry. Co. v. Carter, 11 Texas Ct. Rep., 182.

2. An injury that results from an act of negligence, but that could not have been foreseen or reasonably anticipated, as its probable consequences, and that probably would not have resulted from it had not the interposition of some new and independent cause interrupted the natural consequence of events, turned aside their course, and produced it, is not actionable. Such an act of negligence is the remote cause, and the independent intervening cause is the proximate cause of the injury. Cole v. German Savings & Loan Soc., 63 L. R. A., 416; Railway v. Big-

ham, 90 Texas, 223, 38 S. W. Rep., 162; Railway v. Kellogg, 94 U. S., 469; Denison & S. Ry. Co. v. Carter, 11 Texas Ct. Rep., 182.

3. Whenever a child is ·in the actual custody and control of the parent or guardian, any negligence contributing to the injury of which such custodian may have been guilty must be imputed to the child in an action by or for the benefit of the child, for damages suffered by reason of the negligence of another. Beach, Cont. Neg. (3d ed.), 180, sec. 126, p. 176; secs. 124 a, 125; Hartfield v. Roper, 21 Wendell, 615, 34 Am. Dec., 275; Stillson v. Hannibal, etc., Ry. Co., 67 Mo., 671; Lannan v. Albany Gas Co., 46 Barb., 264, 44 N. Y., 459; Ohio, etc., Ry. Co. v. Stratton, 78 Ill., 88; Carter v. Towne, 98 Mass., 527, 103 Mass., 507; Morrison v. Erie Ry. Co., 56 N. Y., 302; Sheridan v. Brooklyn Ry. Co., 36 N. Y., 39, 93 Am. Dec., 493, and notes; Holley v. Boston Gas Light Co., 8 Gray, 123, 69 Am. Dec., 236, and notes; Grethen, Adm'r, etc., v. Chicago, M. & S. T. Ry. Co., 22 Fed. Rep., 611; The Burgundia, 29 Fed. Rep., 464; Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 42; Railway v. Moore, 59 Texas, 68; Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 361; Texas Cent. Ry. v. Stewart, 20 S. W. Rep., 363; Houston City St. Ry. Co. v. Dillon, 22 S. W. Rep., 1067.

*Pruit & Smith* and *Brown & Bledsoe,* for appellee.—1. Where, by reason of the defective, negligent and dangerous construction of a street car, operated by defendant, an injury results to an infant passenger riding thereon, in the place designed for the reception of passengers, which injury could have been reasonably anticipated by the defendant, as the probable result of thè construction of said car, defendant is liable for such injury, even though a negligent act of the parent may have been a concurring cause of such injury. Seale v. Railway Co., 65 Texas, 278; Railway v. Sandiber, 69 S. W. Rep., 461; Eads v. City Marshal, 29 S. W. Rep., 171; City of San Antonio v. Porter, 59 S. W. Rep., 922; Brush Electric Light Co. v. Lefevre, 57 S. W. Rep., 640; Railway Co. v. Bigham (Sup. Ct.), 38 S. W. Rep., 162; Gonzales v. City of Galveston, 19 S. W. Rep., 284; Sweeney v. Railway Co., 19 S. W. Rep., 555; Mexican National Ry. Co. v. Musette, 24 S. W. Rep., 525, 86 Texas, 719; O'Connor v. Curtis, 18 S. W. Rep., 953; O'Connor v. Andrews, 81 Texas, 29.

2. Under the laws of Texas the negligence of a parent contributing to the injury of a child, too young to be itself guilty of negligence, can not be imputed to the child, and, in an action by, or for the benefit of, such child, such child would be entitled to recover for damages resulting to it by reason of the negligence of the defendant, even though the negligence of its parents may have contributed to such injuries. Texas & P. Ry. Co. v. Fletcher, 26 S. W. Rep., 446; Allen v. Texas & P. Ry. Co., 27 S. W. Rep., 943; Texas & P. Ry. Co. v. Kingston, 68 S. W. Rep., 518; Gulf, C. & S. F. Ry. Co. v. Johnson, 61 S. W. Rep., 523; Texas & P. Ry. Co. v. Beckworth, 32 S. W. Rep., 809; Western Union Tel. Co. v. Hoffman, 80 Texas, 423; Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 356; 3 Thompson on Neg., sec. 3075.

3. The court did not err in concluding, as a matter of law, that it was the duty of the defendant to remove the danger and prevent injury by anticipating and foreseeing injuries liable to result to plaintiff and

others of her age, and to have used all reasonable means consistent with the good and proper service of such car, to remove the danger and prevent such injuries, the findings showing that the defendant could reasonably have anticipated that such injuries would occur by reason of the manner of construction of said car, and that the danger by reason thereof could have been easily removed without impairing the usefulness and comfortableness of said car.      Metropolitan Ry. Co. v. Falvey, 5 App. D. C., 176; s. c., 23 Wash., L. Rep., 53; Baltimore & P. Ry. Co. v. Swann, 31 L. R. A., 313-315; 3 Thompson on Neg., sec. 3477; Hutchison on Carriers, sec. 665; Nellis on Street Surface Railroads, 427; Railway Co. v. Rushing, 69 Texas, 315; St. Louis, etc., Ry. Co. v. Ferguson, 64 S. W. Rep., 798; St. Louis, A. & T. Ry. Co. v. Finley, 79 Texas, 85.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment in appellee's favor for $4,000, recovered as compensation for personal injuries, appellee, when only about three years old, having fallen through an opening at the side of the street car on which she was riding in Fort Worth, Texas, and lost her right arm.      She was in the care of her parents at the time of the accident, who were also passengers, without, however, having to pay any fare for her.      The car from which she fell, and the circumstances attending the fall and injury, were thus described in the court's findings of fact: "3.      I find that said car No. 60 was a summer car, having an aisle running lengthwise of the car, through the center of it, and with a row of seats on each side of this aisle, said seats being placed crosswise the car.      These seats were each long enough to accommodate two persons.      All the backs of the seats of the car, except the end seats, were reversible.      The end seats—there being one in each corner of the car—were fixed, and always facing inward, no matter which way the car should go, and were fifteen inches deep.      The entire sides of the car were left open from the top down to the floor, with the exception that a heavy, steel-wire netting or screen, eighteen inches wide, extended along the entire length of each side, the lower edge of which was about even with the lower surface of the seats, the one between the end seat and the seat next to it being, at its greatest length, twenty-seven inches, and at its shortest length, which was along the floor, eighteen and one-fourth inches.      The end seat projected out beyond the floor's edge three inches, and the wire netting was five inches out from a perpendicular line drawn from the floor's edge.      Planted on the outer end of the seat there was an iron hand-guard one inch thick and about six inches high, which took up one end of the seat end, leaving a space of two inches between the guard and the perpendicular line drawn from the floor's edge, the guard being outside of such line.      The distance between the end seat and the seat next to it was twenty and three-eighths inches, and the distance from the lower edge of the screen down to the floor was fourteen and seven-eighths inches.      From the top surface of the floor to top of rail of track was thirty-two and one-half inches.      The car had no steps or running-board along its sides, and no guard over the wheels, and nothing intervening between the ground and that portion of the seat which projected beyond the floor.      4.      I find that said car No. 60 was, by reason of the opening left under the screen at the end of the seats, as stated in the preceding paragraph, dangerous

for small children, such as the plaintiff, Grace Roye, and that such danger was apparent and obvious to all persons of ordinary caution and understanding. 5. That said defects in said car could have been easily remedied and cured, and the danger therefrom removed, by extending the wire screen running along the sides of said car to the floor, and that this could have been done at a small expense and without impairing, in any degree, the usefulness of said car. 6. The evidence shows that the defendant did not, in furnishing suitable cars for summer traffic, take any care or caution for the safety of small children accompanied by their parents or others, and that the safety of said children was left to the parents or those in charge of them. . . . 8. . . . She (meaning Grace Roye) afterwards seated herself at the end of the seat next to the screen, with her body partially over the open space between the screen and the floor's edge, and while in this position, by some move or other, slipped off the seat and fell through said opening to the street below, and that in the fall her right arm was in some way thrown under the car, on the rail, and was run over by the car-wheels, and so crushed and injured that it had to be amputated within one and one-half or two inches of the shoulder joint."

The court further found, not only that the failure of appellant to guard against such an accident—as it might have done without impairing the usefulness of the car,—was due to negligence, but also that this was the proximate cause of the injury.

The court, however, also found that appellee's parents were guilty of contributory negligence.

Two questions are therefore involved in the appeal: first, whether a person in the exercise of the high degree of care exacted of carriers of passengers would have used a car in carrying little children with such an opening at the side as that described in the findings of fact; second, whether the negligence of the parents should be imputed to the child.

The first question is one of fact, and we approve the disposition made of it in the court's findings. The opening through which appellee fell was in the nature of a pitfall, and was not only dangerous to children of her age and situation, but was unnecessarily so. The existence and position of the wire curtain on the car in question, without the foot-board (to serve as a fender in case of an accident) used on summer cars entirely open at the sides, rendered it a little more hazardous to unwary passengers like appellee than that class of cars. This curtain was rather suggestive of false security. The car was of unusual construction, and seems to have been very little in use, and, if not productive of accidents wherever used, one case at least has been cited in which a car of similar construction was held to have been the cause of a similar accident, that of Metropolitan Railway Co. v. Falvey, decided by the Court of Appeals of the District of Columbia. Counsel for appellee have furnished us with a certified copy of the opinion in the case, and the reasoning of the court seems altogether satisfactory.

The other question is one of law, and is not so easily disposed of, owing to the diversity of opinion respecting it. While, as appellant contends, the precise question may still be an open one in this State, the trend of judicial opinion is decidedly favorable to the view taken by the learned special judge who tried this case. (Western U. Tel. Co. v.

Hoffman, 80 Texas, 420, and cases there cited; Texas & P. Ry. Co. v. Beckwith, 32 S. W. Rep., 809; Texas & P. Ry. Co. v. Kingston, 68 S. W. Rep., 518; Allen v. Texas & P. Ry. Co., 27 S. W. Rep., 943; Texas & P. Ry. Co. v. Fletcher, 26 S. W. Rep., 446.)

In those jurisdictions where the English doctrine of imputed negligence has been only partially adopted—that is, to the extent of imputing the negligence of the parent or guardian to a helpless child injured by a common carrier while in the immediate care and control of such parent or guardian, the reason for the distinction thus made seems unsatisfactory, and the reason given for not applying the limited rule so adopted to cases apparently within it seems still more unsatisfactory, as will appear from the opinion of the Supreme Court of Tennessee in Nashville Railway Co. v. Howard, 78 S. W. Rep., 1098, where several of these cases are reviewed. Mr. Hutchinson, in his work on Carriers, after stating the English rule, uses this language: "But the question has been ruled in a contrary way by other cases, and the right of defendant to rely upon the negligence of another than the child who has been injured has been denied, except where the recovery is sought by the negligent parent or guardian in his own right. And this latter seems to be the better rule." Hutchinson on Carriers, sec. 667.

Mr. Thompson in his work on Negligence in more than one place expresses the same view in his usual emphatic language.

We are content therefore to accept the disposition made of this question by the trial court and to leave it to the Supreme Court to modify the rule which has hitherto prevailed in this State, if any modification is to be made.

The conclusions of law and fact found in the record are adopted and the judgment affirmed.

*Affirmed.*

Writ of error refused.