### KELLEY v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. Ft. Worth. May 25, 1912. Rehearing Denied June 15, 1912.)

NEGLIGENCE (§ 95*)—INJURY TO PASSENGER—INSTRUCTIONS—IMPUTED NEGLIGENCE.

In an action for injuries received by a two year old infant through being forced to ride in an improperly heated passenger coach, it was error to instruct that he could not recover if his mother carried him into a cold car and remained there with him after being requested by defendant's employés to go into another warm car, where there was a seat, and plaintiff was injured through her failure to go there; such instruction denying plaintiff a right to recover for injuries from defendant's negligence if such injuries would not have occurred, but for his mother's conduct, and also preventing recovery by reason of his mother's failure to take him into another car, regardless of whether or not such failure was negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 151–156; Dec. Dig. § 95.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by Lonnie Morris Kelley by next friend against the Texas & Pacific Railway Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Ben. L. Cox, of Abilene, for appellant. J. M. Wagstaff, of Abilene, for appellee.

SPEER, J. This is an action for damages instituted by Lonnie Morris Kelley, through his father as next friend, to recover from the Texas & Pacific Railway Company for injuries received by him through being forced to ride in an improperly heated passenger coach. The plaintiff was at the time a minor two years old and was traveling in the custody of his mother. There was a jury trial resulting in a verdict and judgment for the railway company, and the plaintiff has appealed.

There is but one question in the case, and that is presented by exception, objection to evidence, and complaint of charge. At the request of the defendant, the court instructed the jury as follows: "If you believe from the evidence the plaintiff's mother carried him into a cold car at Cisco, Tex., and in a few minutes thereafter the servants of defendant offered to take plaintiff and his mother to another car, and furnish them a comfortable seat, and his mother refused to go and take him to another car and seat, and if you believe that his mother would have obtained a seat for him and herself if she had gone, and if you believe that the plaintiff was injured by reason of this ·fact and he would not have been injured, if his mother had gone into another car, then you will find for defendant." It is perfectly apparent that the effect of this charge is to deny plaintiff the right to recover, even though he had shown that appellant was negligent, if his injuries would not have occurred but for the conduct of his mother. It is in effect imputing the negligence of the mother to the plaintiff. This cannot be done. N. T. Traction Co. v. Roye, 38 Tex. Civ. App. 601, 86 S. W. 621. Indeed, the charge prevents a recovery for the mother's conduct in failing to take him into another car whether such conduct was negligent or not. Appellee denies any attempt to impute the negligence of the mother to the plaintiff, but it is plain that the charge has that effect.

The ruling of the court on the special exceptions to appellee's answer is not properly presented by a bill of exceptions (see Sowers v. Yeoman, 129 S. W. 1154), but for the error of the court in giving the special charge quoted the judgment is reversed, and the cause remanded for another trial.