## CHARLES J. BUTTLE *vs.* GEORGE G. PAGE BOX COMPANY.

Middlesex.    November 16, 17, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Master and Servant — Dangerous Machine — Action.*

A boy eighteen years old, who had been at work several days, was told to oil, while in motion, a band saw about two and one-half inches in width, having teeth on one edge. He knew that he was to pour the oil into a cup which was on top of one of the feed rolls nearest the saw and a little on one side of the plane in which the saw was moving, about twenty inches above the table and within easy reach of a person standing on the floor. Under the table was another cup, into which he had poured oil several times for the purpose of oiling the saw. When he received the order he was facing the plain edge of the saw. Without passing in front of the saw, as he might have done, he took up the can with his left hand, the saw being between him and the cup, and in carrying the can towards the cup his hand came in contact with the teeth of the saw, and he was injured. Everything was in plain sight, and he knew that the saw was in rapid motion, and that if his hand came in contact with it he would be hurt. *Held*, that he could not maintain an action under the employers' liability act, St. 1887, c. 270, for his injury.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries sustained by the plaintiff, who was eighteen years old, through the alleged negligence of the defendant, by having his hand come in contact with the teeth of a band saw, on which he had been at work several days. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*E. R. Champlin*, (*G. L. Wilson* with him,) for the defendant.
*H. J. Edwards*, (*R. E. Harding* with him,) for the plaintiff.

HAMMOND, J. The general instruction upon which this case was submitted to the jury was as follows: "If the plaintiff was ordered by Gillis to oil the band-saw machine while it was in motion, and in obedience to such order attempted to oil the machine, and the work of oiling the machine while in motion was more dangerous than the work he had been employed to do and had done up to the time of the giving of such order, and the plaintiff, by reason of his youth or inexperience, was incapable

of appreciating the increased danger to which he exposed himself, or of doing the work safely without instruction or cautions which he did not receive, he may maintain this action, provided the jury find that there was no negligence on his part." Assuming this to be a correct statement of the law, the main question is, whether, under that instruction, the evidence warranted a verdict for the plaintiff.

Upon the evidence, were the jury warranted in finding that the plaintiff, by reason of his youth or inexperience, was incapable of appreciating the increased danger to which he exposed himself in the attempt to oil the saw, or of doing that work safely without instructions or cautions which he did not receive? What he was told to do was to oil the saw while in motion. It was a band saw about two and one half inches in width, having teeth on one edge. He was not to touch the saw or to place the oil directly upon it, and he knew that and did not attempt to do either. He knew what to do with the oil. He was to pour it into a little cup which was on top of one of the feed rolls nearest the saw. Under the table was another cup prepared for the same purpose, into which the plaintiff testified that he had himself poured oil several times before the accident, for the purpose of oiling the saw. He knew how to pour oil into such a cup from such an oil can. The pair of feed rolls, upon one of which was the cup into which the plaintiff was attempting to pour the oil at the time of the accident, stood one on each side of the saw, in front of the teeth, and so close that a straight line drawn across from one to the other would clear the teeth by only three quarters of an inch. The cup was of course a little on one side of the plane in which the saw was moving, about twenty inches above the table and within easy reach of a person standing upon the floor. The saw was in rapid motion, but there was no vibration, the plane of the motion remaining the same. At the time the plaintiff received the order, the oil can was near him upon the table, and he was standing at the table behind the saw, that is, he was facing the plain edge of the saw. To comply with the order he had simply to take the oil can, move to a convenient spot, and pour oil from it into the cup. He knew it, and that was what he intended to do. Without passing in front of the saw, as he might have done, he took up the can with his left

hand, the saw being between him and the cup, and in carrying the can towards the cup his hand, before the can reached the cup, came in contact with the teeth of the saw. There was no change in the position either of the saw or the cup, or of anything else except the can and his hand and body. Everything was in plain sight, he saw everything, and he knew what the saw was, knew that it had sharp edges upon the side nearest the cup, and that it was in rapid motion. He knew that if his hand came in contact with the saw he would be hurt, and he knew that in oiling the saw above the table he must be careful not to let his hand touch the saw. He had seen the saw for several days and knew how it looked when in motion and when at rest, and he had been at work on a circular saw several days before he went to the band saw. There was no direct testimony to show that he was not of average intelligence.

While he may not have known very much about the saw and the machinery by which it was moved, it seems to us that, upon the evidence, he knew enough for the act he was requested to perform, and that the jury were not warranted in finding that he was incapable of appreciating the increased danger to which he exposed himself or of doing the work safely without instructions or cautions which he did not receive. The defendant was entitled to a verdict in its favor.        *Exceptions sustained.*