TEXAS & PACIFIC RAILWAY COMPANY v. MAMIE KINGSTON.

Decided May 3, 1902.

1.—Railway Company—Passenger—Pleading and Evidence.

In an action against a railway company by a female passenger for damages alleged to have resulted from placing her in a second class car where the passengers used profane language in her presence, evidence of the profanity of one of such passengers was admissible, and if defendant desired the evidence showing a profane remark limited to the allegation in the petition, it should have requested the court to do so by a proper charge.

2.—Same—Authority of Porter—Charge.

Where the evidence showed that it was the duty of the train porter to direct passengers which car to enter and that he carried the keys of the chair car, the court properly refused to charge that if the act of the porter in locking the door of the chair car and refusing to permit plaintiff to enter it was without the scope of his authority, the defendant company would not be liable.

3.—Infant—Damages for Personal Injury—Father's Negligence Not Imputed.

Where an infant, by next friend, sues for her own benefit for personal injuries received, the negligence of her father will not be imputed to her so as to defeat the recovery.

4.—Remarks of Counsel—No Reversible Error.

A judgment will not be reversed for improper remarks of counsel in the closing argument where the court instructed the jury to disregard them, and the verdict does not appear excessive and is sustained by the evidence.

5.—New Trial—Newly Discovered Evidence.

Where plaintiff testified at what hours the train left her starting point and arrived at her destination, and defendant did not ask a continuance or postponement on the ground of surprise, it was not entitled to a new trial because of alleged newly discovered evidence contradicting plaintiff's testimony in that respect.

6.—Railway Company—Negligence—Condition of Passenger Car.

Evidence that the conductor passed through the car taking up tickets and that the car was swept out by employes after plaintiff entered it, was sufficient to show that those in charge of the train had knowledge of the cold condition of the car, and that passengers were using profane language therein.

Appeal from Van Zandt. Tried below before Hon. J. G. Russell.

*T. J. Freeman* and *Cate, Geddie & Bruce,* for appellant.

*Kearby & Kearby,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, a minor, brought this suit, by her next friend and father, against the Texas & Pacific Railway Company to recover damages for injuries alleged to have been sustained by her as a passenger in being transported from Grand Saline to Terrell. A trial resulted in a verdict and judgment for plaintiff, and defendant has appealed.

*Conclusions of Fact.*—On the morning of the 24th of December, 1898, plaintiff and her mother entered appellant's train at Grand Saline at

daylight in the morning to take passage to Terrell, a distance of thirty-three miles. Their ultimate destination was Honey Grove, in Fannin County. They were provided with first class tickets over appellant's road to Terrell, where they procured tickets over the Texas Midland Railroad to Paris and thence over the Texas & Pacific Railroad to Honey Grove. They were directed by appellant's agent at Grand Saline where to get on, and after getting aboard and finding the car which they had been directed to take was not suitable for a lady to ride in, they walked back through two or three cars until they came to the chair car. This they attempted to enter, but were prevented from doing so by the train porter and by reason of this car being locked. They returned to the car which they had first boarded, where they found seats and in which they rode to Terrell. This car was a tourist car, and a second class car. The seats were of cane and uncushioned. There were holes through the back and bottom of the seats made with a knife or gnawed by rats. The car was not heated and the floor was filthy. The day was cold and disagreeable. There were other passengers in this car who indulged in drinking liquor and who used profane language in the presence and hearing of plaintiff. Plaintiff is a modest, timid girl, 9 years old at that time, not accustomed to hearing profane language. She complained to her mother of the cold and of the rough language used by the other passengers. She was taken sick on appellant's train as a result of the condition of the car, it being filthy and not being properly heated. As a result of the condition of the car and seats plaintiff's clothing was torn and damaged. She was made sick and suffered damage in the amount found by the jury. The train arrived at Terrell about 11 o'clock a. m. on said day. The appellant was guilty of negligence in providing an unsuitable and unfit car in the transportation of plaintiff to Terrell and in compelling her to ride in a second class car, permitting the same to become filthy and out of repair and in not properly heating the same, and in permitting profane language to be used by the passengers therein, in the hearing and presence of plaintiff.

*Opinion.*—The appellant contends that the court erred in permitting plaintiff's witnesses, Mrs. J. S. Kingston and Mrs. J. S. Covington, and the plaintiff herself, each in succession, while they were witnesses on the stand in behalf of plaintiff, to testify to a remark made by a fellow passenger on the train, said testimony having been elicited in response to questions propounded by plaintiff's counsel, said remark being in substance as follows: "If that God damned pig had been on this train to-night he would have fared badly." The plaintiff plead that the passengers used profane and indecent language in her hearing and presence, and that she was damaged thereby. The plaintiff testified that her little sister, who was younger than herself, requested her father, as he left the train, to take good care of her pig. Then it was that one of the men made the remark above set out. The testimony complained of was admissible in support of the above allegation contained in the

petition. If appellant desired its effect limited to the above allegation, it should have requested the court to do so by a proper charge.

2. It is contended that the court erred in refusing the following special charge requested by defendant: "If you find from the evidence in this case that the porter on the train locked the door of the chair car and refused to permit the plaintiff to enter the said car as alleged by her, but if you further find that it was without the scope of the porter's authority to make such refusal, and that such act was committed by him without any authority from the defendant, and it was not ratified by defendant after it was committed, then you are charged that defendant would not be liable for any such unauthorized act on the part of said porter, and you will not consider any damages or injuries, if any, that were the direct and proximate result of such refusal on the part of said porter." This charge was properly refused because it was not authorized by the evidence. The conductor of the train testified, in substance, that it was the duty of the porter to direct passengers which car to enter; that the porters carried the keys to their respective cars, and that each porter had charge of his respective chair car. There is no evidence contradicting the conductor as to this testimony. It thus appears that the porter had authority to direct passengers which car to enter, and that each porter has charge of his respective chair car and carries the keys to the same. We think it necessarily follows that the act of the porter in refusing to permit a passenger to enter his chair car was within the scope of his employment. Wood on Mast. and Serv., sec. 307.

3. It is contended by the appellant that the plaintiff's father, J. S. Kingston, knew at the time he placed plaintiff on the train at Grand Saline of the condition of the car and the uncomfortable surroundings of which plaintiff complains, or by the exercise of ordinary diligence could have known of the same, and that if he, knowing the dangerous surroundings in which he left plaintiff, failed to use ordinary care to protect her from injury in failing to take plaintiff from the train and abandoning the contract with appellant, then he would be guilty of such contributory negligence as would defeat plaintiff's recovery. Appellant requested special charges embracing the above contention, but the same were refused, and the court's refusal is made the ground of the third and fourth assignments of error. The suit was brought by the plaintiff for her own benefit; she being an infant, sues by her next friend. In such a case the negligence of a father will not be imputed to an infant. Railway v. Moore, 59 Texas, 64; Williams v. Railway, 60 Texas, 205. A different rule would apply if the father was suing in his own behalf to recover damages for injuries to a minor child. Rhea v. Railway, 3 Texas Ct. Rep., 763. There was no error in refusing the special charges made the ground of the third and fourth assignments of error.

4. The remarks of counsel made in his closing argument to the jury, complained of in the seventh, eighth, and ninth assignments of error,

present no reversible error. The court, at the request of the defendant, instructed the jury that they must not consider these remarks and to disregard the same in arriving at their verdict. The verdict does not seem excessive, and the evidence fully justifies the finding of negligence on the part of appellant.

5. It is contended that the court erred in overruling appellant's motion for a new trial because of the newly discovered evidence of the witness W. C. Whitcomb, who, it is alleged, would have sworn that the train on which plaintiff rode from Grand Saline to Terrell reached Grand Saline at twenty minutes past 6 in the morning and remained there twenty minutes and ran to Terrell in one hour and twelve minutes. The testimony on behalf of the plaintiff was to the effect that the train left Grand Saline at 6 o'clock and reached Terrell at 11 o'clock. This testimony was material and was introduced by plaintiff in making out her case. If the defendant was surprised at the evidence of plaintiff as to the time consumed in running the train from Grand Saline to Terrell and did not have its testimony available to prove the running time, it should have asked for a continuance or postponement of the trial to procure such testimony. Having failed to do so and continued with the trial without objection until verdict and judgment, it will not be heard to complain. Bridges v. Williams, 66 S. W. Rep., 162; Gregory v. Railway, 2 Texas Civ. App., 279.

6. It is contended that the evidence fails to show that the conductor and those in charge of the train had any knowledge of the use of profane language by the other passengers, or that plaintiff was suffering from the cold condition of the car, and for this reason the appellant is not responsible for damages resulting to plaintiff in respect to these matters, and for this reason the trial court erred in not granting appellant's motion for new trial. It is shown that the conductor passed through this car taking up tickets, and that the car was swept out by appellant's employes after plaintiff became a passenger thereon. We are of the opinion that the evidence was sufficient to justify the jury in finding that appellant's agents and employes operating the train knew, or ought to have known, of the use of profane language by the other passengers and of the cold and uncomfortable condition of the car.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.