## T. J. FREEMAN, RECEIVER, v. LUZ GARCIA, BY NEXT FRIEND.

### Decided June 30, 1909.

**1.—Damages—Allegation and Proof.**

In an action by a minor for damages for personal injuries received while riding on a locomotive, the plaintiff alleged that defendant's employees knew of plaintiff's position on the engine and his danger and were negligent in failing to notify or warn him of the danger. Held, sufficient to support a charge allowing a recovery in case the jury found that defendant's employees permitted plaintiff to ride on the engine with knowledge of his danger.

**2.—Same—Danger to Minor—Knowledge of Defendant.**

The duty to take precautions to protect a minor from injury does not arise until the defendant or his employees know of the danger. In an action for damages for personal injuries to a minor, evidence considered and held insufficient to show such knowledge and hence a charge submitting the issue was reversible error.

**3.—Minor—Contributory Negligence.**

When the testimony of a minor, eleven years of age, clearly shows that he understood and appreciated the danger of riding on the running board of a locomotive, he is guilty of such contributory negligence as will preclude a recovery for personal injuries received while doing so, in the absence of any negligence on the part of the operatives of the locomotive.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*King & Morris* and *Hicks & Hicks*, for appellant.—Where the allegation of negligence upon which plaintiff seeks to recover is a failure to warn him of the danger of riding on moving freight cars or engines, and the plaintiff's own evidence shows that he knew the danger of riding on the cars and engines, and that if he fell he was liable to be run over and injured, and further that he had often been run away from the cars and yards by policemen, the evidence fails to sustain his allegations, and he is not entitled to recover. Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 83; Missouri P. Ry. v. Platzer, 73 Texas, 117; see also cases hereinafter cited.

Where plaintiff alleges that the employees of appellant saw appellee on the engine in a position of peril and continued to operate the same until he fell, appellee, in order to recover, must not only prove that such employes may have seen him on the engine, but that they actually did see him. Texas & P. Ry. v. Breadow, 90 Texas, 26; Joske v. Irvine, 91 Texas, 581; see also cases hereinafter cited.

Where the undisputed testimony shows that the appellee knew that it was dangerous to ride or attempt to ride upon the train or engine while in motion, a charge which allows appellee to recover in case the jury finds that he did not know of such danger, is without evidence to support it and is erroneous.   Dupuy v. Burkitt, 78 Texas, 340; Denham v. Trinity Co. Lumber Co., 73 Texas, 78; Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 83; Missouri P. Ry. v. Platzer, 73 Texas, 117; Wootters v. Kaufman & Runge, 73 Texas, 395.

Where there is no evidence from which the jury could reasonably conclude that the employes of appellant knew that he was on the train at the time he was injured, the charge allowing appellant to recover if they found that the employes knew that he was on the train and in a perilous position, and continued to operate it, is without evidence to support it and is erroneous.   Joske v. Irvine, 91 Texas, 581; Missouri Pac. Ry. v. Platzer, 73 Texas, 123; Western U. Tel. Co. v. Kendzora, 77 Texas, 257; Texas & P. Ry. v. Shoemaker, 84 S. W., 1049; Galveston, H. & S. A. Ry. v. Faber, 77 Texas, 155.

Where the undisputed testimony shows that appellee had no right to ride upon the engine or train switching in the yards of appellant, and was so riding contrary to the city ordinances and the statutes of the State, and where it further shows that he had been chased away from the cars and yards of appellant by police officers and had admitted that he knew it was dangerous to ride on the engine or cars as he was liable to fall off and get hurt, he is, as a matter of law, a trespasser, and guilty of contributory negligence, and is not entitled to recover.   St. Louis & S. W. Ry. v. Shiflet, 94 Texas, 139; Ecliff v. Wabash, St. L. & P. Ry., 64 Mich., 203.

*Seth S. Search,* for appellee.

JAMES, CHIEF JUSTICE.—The appellee sued alleging that plaintiff, a minor eleven years of age, climbed upon and stationed himself upon the running-board of defendant's switch engine which was operating back and forth in what is known as the "stock yards" of defendant, and that he slipped and fell from the running-board and the wheels ran over his right leg, requiring amputation thereof above the knee and causing him certain other injuries, all serious and permanent.

It was alleged that defendant's servants permitted plaintiff to ride on said running-board; that plaintiff was young, inexperienced and unaware of the danger; that he had been doing the same thing before with the knowledge of said servants, but had not been warned of the danger; that said stock yards are located in a thickly-settled portion of San Antonio and are unprotected by gates or lookout; that children living in the neighborhood were in the habit of riding upon the cars and engines at that place, and that defendant and its servants knew this fact but took no steps to prevent it.   That on the date alleged plaintiff stationed himself upon the running-board or step of the engine, in full view of and with the knowledge of defendant's servants in charge of the engine, which was being operated back and forth as aforesaid, and while so riding plaintiff fell therefrom and received his

injury. The petition alleged that plaintiff was injured through the negligence of defendant in this: "That no notice was given plaintiff of the perilous position he occupied, or of the danger he was in in being upon and riding on said step or running-board, and plaintiff was not warned of the danger he was in in being upon the running-board or step of said engine, although the defendant, its servants and employes knew of plaintiff's whereabouts on said engine, or by the exercise of reasonable diligence could have known of his whereabouts and of the danger he was in, and that this negligence was the direct and proximate cause of plaintiff's injuries."

Appellant answered by general and special exceptions, by general denial and special answer, (a) that appellee was riding or attempting to ride on the cars or engine without the knowledge or consent of appellant, and while so doing, without any negligence upon the part of appellant, fell therefrom and was injured; that appellee was a trespasser and guilty of contributory negligence in riding or attempting to ride on said cars or engine. (b) Appellant further alleged that appellee was riding or attempting to ride upon said engine or cars while in motion in violation of section 18, chapter 22, of the Revised Criminal Ordinances of the city of San Antonio, making it "unlawful for any person not a passenger thereon to get on or cling to any street car or other railroad car when in motion in the city of San Antonio;" and that he was so doing without the knowledge of appellant or its employes, and was thereby guilty of contributory negligence.

Appellant further alleged that appellee was injured while riding or attempting to ride on a freight train in the yards of appellant in the city of San Antonio without the knowledge and consent of appellant or its employes and contrary to the criminal statutes of the State of Texas, and that this was the proximate cause of his injuries, and that for said reasons he ought not to recover.

Plaintiff obtained a judgment for $3,000.

We shall first consider the third assignment of error, which complains of the charge which submitted the case upon the theory of whether or not those in charge of the engine knew that the minor was riding upon the running-board of the switch engine, and which charged the jury that if they found that said employes knew the fact, and that plaintiff was a child of tender years and did not know and appreciate the danger, if any, in riding upon said running-board, and that said employes permitted him to be and ride thereon, and in so doing were guilty of negligence and such negligence was the direct cause of plaintiff's injury, to find for plaintiff. Three propositions are relied upon in connection with this assignment.

1st. That where the sole ground of negligence is the failure to notify appellee of his perilous position and to warn him of the danger he was in, a charge allowing a recovery in case the jury find that defendant's employes permitted appellee to ride upon the engine with knowledge of his danger, is without pleading to support it.

2d. Where the undisputed testimony shows that appellee knew it was dangerous to ride or attempt to ride upon an engine while in motion, a charge that allows a recovery in case the jury finds that he did not know of the danger is against the evidence.

3d.  Where there is no evidence from which the jury could reasonably conclude that the employes knew appellee was on the train at the time he was injured, the charge allowing a recovery if they found the employees knew he was on the train is without evidence to support it.

We overrule the first proposition.  The clause in the petition which alleged the negligence relied on alleged that the employes knew of plaintiff's position on the engine and his danger, and were negligent in failing to notify or warn him of the danger.  The court by its charge took the view that if the employes were aware that plaintiff was on the moving engine and permitted him to ride thereon, and plaintiff in fact did not know or appreciate the danger in riding the foot-board on account of his age, plaintiff was entitled to recover.  It seems to us that if the child did not know or appreciate the danger there was in riding on a moving engine, it was immaterial whether or not they warned or notified him, if they permitted him to ride thereon.  The facts that they knew his presence on the engine and his danger, and permitted him to ride thereon, were at least within the allegations relied on for recovery.

The third of said propositions alleges that there was no evidence from which it could be found that the employes of defendant knew appellee was upon the engine.  We find this sustained by the record.  The duty to take precautions to protect the minor from injury did not arise until it was known to the employees that he was upon the engine.  The evidence relied on as sufficient to prove this was the testimony of plaintiff as follows:

"I was south on Guadaloupe street.  I got on the engine of the train that was switching around out there.  I got on the rear part.  I managed to stand on that part of the engine because I got on it.  There were cars in the front.  The train was going forward and backward; it was moving when I got on; it was going south.  I stayed on the engine about five minutes.  The engine was going while I was on it.  It would stop for a while, then go forward, and then go back.  It was switching back and forth.  I saw two men on the engine; there were some others around the train. but they were on El Paso street.  Some were on the cars and some were below.  When I got on the engine one of the men on the engine was looking forward and the other was looking backward.  It was a switch engine I got on."

The fact that plaintiff was seen upon the engine could doubtless be made to appear by circumstances.  But plaintiff did not say that any of these employes were looking at or towards him, but only that one was looking forward and the other backward, they being evidently engaged in the performance of their duties in switching.  To find from this that the one looking backward saw plaintiff would be mere conjecture.  The jury, in view of the charge upon which the case was submitted, must have found that plaintiff was seen, and because the evidence did not warrant the finding, the judgment can not be approved.

But the question of more vital effect is one suggested by the second proposition and also by propositions under the fourth assignment of error, which is that the court erred in refusing a peremptory in-

struction for defendant. Also by the fifth assignment; it concerns the matter of contributory negligence.

Plaintiff was eleven years of age, and testified: "Yes, me and the boys hop the train down there pretty often. I knew that if I fell off that car that it would run over and hurt me, so when I got onto it I tried to hold on tight. Yes, when I went to jump I knew it was dangerous and I was liable to get hurt. Yes, the police officers sometimes came down there and got after us and chased us out in the brush."

There is nothing tending to show that the defendant's servants had anything to do with causing the boy to jump or get off, nor is there anything in the boy's testimony in conflict with the above admission. The attempt to get off the engine while it was in motion was his voluntary act. His own testimony shows clearly that he understood and appreciated the danger of being injured in getting off as he did. In fact he admitted it, and it is impossible to see anything in the record which would warrant a jury in forming a different conclusion.

The cases of Missouri, K. & T. Ry. v. Rodgers, 89 Texas, 680; Texas & P. Ry. v. Phillips, 91 Texas, 281, lay down the rule that a minor who possesses such degree of intelligence as to appreciate the danger involved in his act is chargeable with contributory negligence as any other person. Plaintiff's own testimony shows beyond any question that he knew the injury now complained of was likely to result to him if he attempted to get off the engine while it was moving, or did not hold on tight. And he could not have known of this danger of injury as incident to jumping off without knowing also how to avoid it by not jumping or attempting to get off. We think plaintiff was guilty of contributory negligence upon his own testimony. (Payne v. Chicago & A. Ry. Co., 30 S. W., 148; Merryman v. Chicago, R. I. & P. Ry. Co., 52 N. W., 545.) That plaintiff's act led directly to his injury can not be questioned. In view of this conclusion, there being in the petition no theory of recovery stated to which plaintiff's contributory negligence would not operate as a bar, the proper disposition of the case is to reverse the judgment and to render judgment here in favor of appellant.

What has been said disposes, in effect, of all the assignments of error, except the first assignment, which complains of the admission of certain testimony, which could hardly have had the effect of misleading any intelligent jury. Reversed and rendered.

*Reversed and rendered.*

Writ of error refused.