## HENRY KRISCH v. WM. L. RICHTER.

### Decided June 15, 1910.

**1.—Personal Injuries—Minor—Contributory Negligence.**

In a suit by a minor, between seventeen and eighteen years of age, for damages for the loss of several fingers which were caught in the cog wheels of a thread making machine, evidence considered and held to indicate as matter of law that the plaintiff, although a minor, must have known and did know that it was dangerous for him to work with a rag about his fingers in close proximity to the cogs of the moving machine, and he was therefore guilty of such contributory negligence as would preclude a recovery.

**2.—Same.**

Where the danger is as apparent to an adult employee as to his employer he can not recover for damages resulting from the use of a dangerous agency. A minor who possesses such a degree of intelligence as to know and appreciate the danger of his act is as chargeable with contributory negligence as an adult.

**3.—Same.**

The general rule is that minority places the injured party in the same

position as the inexperienced adult so far as machinery is concerned, and that where the danger is apparent, or the servant has been warned of the danger, negligence will be imputed to a minor as well as to an adult when any injury is received from the machinery.

Error from the 57th Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*Selig Deutschman* and *Salliway & McAskill*, for plaintiff in error.

No brief for defendant in error.

FLY, Associate Justice.—This is a suit for damages instituted by plaintiff in error, through his next friend, August Santleben, alleged to have arisen through the negligence of a foreman of defendant in ordering him to clean a certain machine while it was in motion, and that while plaintiff was so engaged, his hand caught in certain cogs, and one joint was mashed off the second finger, and the little finger and middle finger were mashed and lacerated. He alleged that he was a minor between seventeen and eighteen years of age and inexperienced, and did not know the danger incident to cleaning a machine while it was in motion. After hearing the evidence the court instructed a verdict for the defendant.

Plaintiff testified that he was an employee of defendant and at the time of the accident was between seventeen and eighteen years of age. He stated that he had been at work for defendant in his bakery for nearly a year, and had seen the machine, which mixed the flour and dough, run a great deal and knew the location of the cogs and wheels, and knew that the cogs were dangerous when the machine was in motion. That on a certain Sunday night after midnight, and a short while before the work was to cease and the machines to be stopped, plaintiff was ordered by his foreman to clean the machine, which was in motion and full of dough, and while engaged in cleaning the machine his fingers were caught in the cogs and injured. Plaintiff was very contradictory in his statements, but it was clear that he was thoroughly acquainted with the machine and the danger attending work about the cogs while the machine was in motion. He stated: "I had seen those big cogs run into the little ones for a year, and I certainly thought it was dangerous. . . . There was nothing at all to prevent me from seeing those two cog wheels. . . . I cleaned those wheels every day for a year and didn't know what a cog wheel would do or that there was any danger in going between those two wheels, and didn't learn anything about the bakery business in that year's time until after I got hurt. . . . Yes, I have started and stopped that motor; I knew how to do that; I don't know how often I would do it; I did not do it every time I cleaned the machine, most every time; and every time I started it or stopped it these big cog wheels moved; I saw them move every time it started for about a year, and I had cleaned these same cog wheels every day for six months. I found out the purpose of them two cogs in the back, but I didn't know they would hurt my fingers if I ran them through those two cog wheels. No,

sir, I never dreamed of such a thing. If the foreman had told me to stick my fingers in there I would have done so. I thought there was no danger in sticking my fingers in the cog wheels. I had seen them running every day for a year. I never did see a piece of machinery of that kind where there wasn't danger in it. Well, that is what I was told, that there was danger in all machines when you got your hands in it. . . . I knew that everything else was dangerous except the cog wheels. . . . There was nothing there to prevent me from seeing the two cog wheels and I did see them at the time I was hurt. Yes, I saw them running together."

The uncontroverted testimony of defendant was to the effect that he always told his employees not to put their fingers in the cogs or any part of the machinery. The whole of the evidence indicated that plaintiff must have known, and did know, that it was dangerous for him to work with a rag about his fingers in close proximity to the cogs of a moving machine. The danger was open and just as apparent to him as to the foreman. It did not take any skill or extra knowledge for any human being, even of very limited mental capacity, to know that if the fingers are placed between interlocking cogs of a moving machine that they will be injured. As said by the court in Jones v. Galveston, H. & S. A. Ry., 11 Texas Civ. App., 39: "It did not take skill and superior knowledge to ascertain this, but the exercise of the same faculties that would teach a man not to place his hand in the fire, or voluntarily place himself in the way of any plain and palpable danger." It is undoubtedly the rule that where the danger is as apparent to the mature employee as to his employer he can not recover damages resulting from such dangerous agency. International & G. N. Ry. v. Hester, 72 Texas, 40; Gulf, C. & S. F. Ry. v. Williams, 72 Texas, 159; Texas & P. Ry. v. French, 86 Texas, 96.

The only fact in this case that differentiates it from the case cited is the minority of the plaintiff. He was at the time of the injury seventeen years and nine months old and had been working about the machine for a year, it being one of his duties to clean it. He understood how to start and stop the machine and understood how the cogs worked into each other. There was no evidence that tended to show that the plaintiff was an idiot or lunatic, or that he was even a person of weak mind. He had intelligence enough to know how to earn a livelihood and it must be presumed that he was acquainted with the plainest laws of nature. Does minority alone exempt him from the effects of his acts of negligence about the machinery? If not, the testimony of the plaintiff made out a clear and conclusive case of contributory negligence on his part.

It is the rule in this State that a minor who possesses such a degree of intelligence as to know and appreciate the danger of his act is chargeable with contributory negligence just as the adult person is chargeable. If he has the knowledge of the situation and the intelligence to appreciate the dangers thereof, his minority can not shield him from the consequences of his negligent acts. Missouri, K. & T. Ry. v. Rodgers, 89 Texas, 675; Texas & P. Ry. v. Phillips, 91 Texas, 278; Freeman v. Garcia, 56 Texas Civ. App., 638 (121 S. W., 886).

In the case of an adult it has been held that the danger of cleaning

machinery in motion is apparent, and that where an employee puts his hand into the recesses of a moving machine the employer can not be held answerable for the consequences. Stoll v. Hoopes (Pa.), 14 Atl., 658; Robinska v. Mills, 174 Mass., 432, 54 N. E., 873.

In the case of minors the general rule is that minority places the injured party in the same position as the inexperienced adult so far as machinery is concerned, and that where the danger is apparent, or the servant has been warned of the danger, negligence will be imputed to a minor as well as an adult if any injury is received from the machinery. When the young man has been warned as to certain dangers by his employer and in addition has labored with the machinery about which he has been warned so as to become experienced, and who is shown by the evidence to be experienced, he will be held to appreciate the dangers of the situation as well as the adult, and can not recover damages for an injury. Rikel v. Ferguson, 117 N. Y., 658, 22 N. E., 1134; Crown v. Orr, 140 N. Y., 450, 35 N. E., 648; Palmer v. Harrison (Mich.), 23 N. W., 624; Bohn Mfg. Co. v. Erickson, 55 Fed., 943; Stuart v. West End Street (Mass.), 40 N. E., 180; Pratt v. Prouty (Mass.), 26 N. E., 1002; Cunningham v. Bath Iron Works, 43 Atl., 106; Downey v. Sawyer (Mass.), 32 N. E., 654; Helmke v. Thilmany (Wis.), 83 N. W., 360; Silvia v. Sagamore Mfg. Co. (Mass.), 59 N. E., 73; White v. Witteman Lithographic Co., 131 N. Y., 631, 30 N. E., 236; Buttle v. George G. Page Box Co. (Mass.), 56 N. E., 583.

In the cited case of Crown v. Orr, the employee was nineteen years old, had been at work three weeks and lost his arm by coming in contact with a planing machine, and the Court of Appeals of New York said: "It was not negligence to direct a young man nineteen years of age who had seen the machine in operation for three weeks, to perform such duty, even without instructions, especially when he asked for none and gave no sign that he was not entirely familiar with the method by which the order could be properly obeyed. This was one of the risks which he assumed when he entered the defendant's service. But if, as the learned counsel for the plaintiffs claims, the operation was specially dangerous in the absence of instructions, then the danger was obvious and he was not bound to obey the order, but if he did, the risk was his own."

In the Massachusetts case of Stuart v. West End Street Ry. Co., 40 N. E., 180, the plaintiff was a minor, and was engaged in feeding a hay cutter when he was hurt by having his hand drawn into the knives, and the court said: "The duty of an employer to give instructions to one about to work on dangerous machinery exists only when there are dangers of which he has or ought to have knowledge, and which he has reason to believe his employee does not know, and will not discover in time to protect himself from injury. In the early cases the doctrine was applied in favor of boys. In favor of adults it should be applied with great caution. Where the elements of danger are obvious to a person of average intelligence, using due care, it would be unreasonable to require an employer to warn his employee to avoid danger which ordinary prudence ought to make him avoid without warning."

In the cited case of Helmke v. Thilmany, a boy sixteen years and six and one-half months old was injured in a paper mill by having his coat catch in revolving cog wheels, by which his arm was dragged in and crushed. He had worked in the paper mill about two years and knew of the danger of getting his clothing caught in the machinery. The Supreme Court of Wisconsin said: "In this case there was no uncertainty; no shifting conditions; no ambiguity in the facts or circumstances or evidence. There was nothing obscure or complex in the situation. The two cog wheels were near the floor, and in plain sight. . . . The danger of touching or allowing his clothes to touch the gearing was, seemingly, just as apparent as it would have been to walk into an open fire, or against a red hot stove or furnace. . . . This court has repeatedly held that the true test as to whether a minor has assumed the ordinary risk of his employment, or is guilty of contributory negligence, is not whether he in fact knew and comprehended the danger, but whether under the circumstances he ought to have known and comprehended such danger."

In the case of Sanborn v. Atchison, T. & S. F. Ry. Co. (Kan.), 10 Pac., 860, the plaintiff, a boy seventeen years of age, was ordered by his foreman to oil parts of certain cogs and while supplying the cup of the cogs with oil, his right hand and arm were caught by and between the cogs, and so mutilated that the arm was amputated below the elbow. The court said: "At the time of the accident Sanborn was in possession of all his faculties and all his senses. The two cog wheels were about six feet from the ground or floor, and there was nothing to prevent him from seeing that the cogs were not boxed or fenced, and every act that directly contributed to bring about the injury was his own. Of course he did not intend to get injured. He did not intend to have his hand caught between the cogs where it was crushed; but accidentally his hand got low enough down to be caught, and thus his injury occurred. For this accidental injury he is not entitled to compensation from the company. . . . At the time of the accident, plaintiff was seventeen years and seven months of age. He was not, therefore, in law, an infant of tender years. . . . There was no evidence offered tending to show that Sanborn was limited in his mental capacity, or was in any way feeble minded. We fully recognize the doctrine that it may be negligence to set an infant of tender years to work upon a dangerous machine without pointing out its dangers; but considering the age of the injured party and the length of time he had worked in the shop of the railroad company before being hurt, the case presented does not come within that rule."

Even in the case of a minor only eleven years of age it has been held by this court that he can be guilty of contributory negligence and a judgment in favor of such minor was reversed and judgment rendered in favor of the defendant. Freeman v. Garcia, 56 Texas Civ. App., 638 (121 S. W., 886).

In this State it is held by the Supreme Court "that if a servant be under the age of twenty-one years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury." That is

undoubtedly true in a case where the danger is not so apparent that any one, even a child of tender years, could not fail to understand it. The average five-year old child knows that his hand will be burned if he puts it in the fire, or that a hammer would hurt a finger struck by it, and we can not deem it possible that a boy nearly eighteen years old, with average intelligence, who, after cleaning the cogs of a machine for a year, does not know that if he puts his fingers in between the moving cogs that he will be hurt. It is preposterous to demand instructions under such circumstances. If he has not found out as plain a truth as that it is dangerous to handle moving cogs, before he is twenty-one years old, he will never learn it. The court in the case cited recognized this truth when it was said: "The plaintiff being a minor, it was the duty of the receiver, through his agents, to instruct him as to the dangers of the employment. That was the primary obligation. But if the plaintiff, at the time of his employment, knew the nature and extent of the danger, and his judgment was sufficiently mature to appreciate the risk, or if subsequently he became aware of the fact and extent of the danger and had the discretion to properly weigh his liability to injury from it, the receiver became absolved from the responsibility arising from the failure to give the instruction."

Plaintiff testified that most of the time when he went to clean the engine he stopped it, showing that he knew that he should stop it while he was so engaged. He admitted that he was told that it was dangerous to put his hands in the machinery. Defendant swore, and it was not contradicted, that once a month he instructed the men working about the moving machinery to be careful about the machinery; that he said to them: "Remember that you are the one to guide the machinery, and the machinery has no feelings; if you stick your fingers in those cogs or any part of it, the machinery doesn't know it." He also had his son instruct the men about the machinery. He testified: "Mr. Krisch couldn't have been working for me that length of time without hearing these instructions given, for these instructions were given once a month, sometimes oftener. I made it my business to tell the night crew and the day crew the same thing, and kept instructing them, not only on that, but on other orders that they must follow out. I tell this to the whole crew. I know that the full crew was present when I gave these orders. Krisch was a member of the crew." Plaintiff did not deny that the instructions were given, nor that he heard them. He admitted being told about the dangers of the machine.

Under the ruling in Railway v. Brick, herein cited, when appellant had been fully instructed as to the dangers of the situation, there is no question for a jury, and especially would this be true when the minor was an experienced employee nearly eighteen years old who fully understood the dangers of putting his hands in between the moving cogs. It is inconceivable that a boy, with intelligence enough to earn a livelihood, could work a year in cleaning a machine, and be so utterly lacking in common sense as not to know that two pieces of metal grinding together would hurt a finger placed between them. It is true, in some parts of his testimony that he said he did not know that it would hurt his hand if he put it on the ground and a heavy

wheel ran over it, and that if a man told him to take a gun and shoot himself that he would not think it dangerous; but those statements did not indicate a lack of intelligence, but rather an utter recklessness about his statements. Either of those statements was just as probable as that an eighteen year old boy would not know that it was dangerous to insert a finger between moving cogs and would do it if told by his foreman to do so.

This cause has not been briefed by the defendant in error, and not an authority was cited in the very meagre and unsatisfactory brief filed by plaintiff in error, and much labor has devolved on the court in the investigation of the case.

The judgment is affirmed.

*Affirmed.*