QUANAH, A. & P. RY. CO. v. McWHORTER.

(Court of Civil Appeals of Texas. March 25, 1911. Rehearing Denied April 22, 1911.)

1. RAILROADS (§ 350*) — CROSSINGS — NEGLIGENCE OF TRAVELERS—QUESTION FOR JURY.

Whether one thrown from his wagon while steadying a stove on crossing a railroad track was guilty of contributory negligence *held* for the jury.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 350.*]

2. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE.

One attempting to do that which he knows is attended by some degree of danger is not, as a matter of law, guilty of contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 333–346; Dec. Dig. § 136.*]

3. RAILROADS (§ 303*)—CROSSINGS—DUTY TO MAINTAIN.

The liability of a railroad company for failure to maintain a safe railroad crossing does not depend on its failure to maintain the crossing in the condition it was before its road crossed the highway, in the absence of any evidence as to the condition of the highway before the railroad was built.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 959; Dec. Dig. § 303.*]

4. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTED CHARGES COVERED BY THE CHARGE GIVEN.

It is error to give a requested special charge substantially covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

Appeal from Cottle County Court; W. E. Bray, Judge.

Action by Calvin McWhorter against the Quanah, Acme & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Fires, Decker, Clarke & John, for appellant. Brown & Warlick (Theodore Mack, of counsel), for appellee.

SPEER, J. Appellee, while carrying home a cook stove which he had recently bought, in crossing appellant's track was thrown from a wagon and injured, for which he recovered damages in the sum of $890, and the defendant has appealed.

Appellee confesses error in the court's charge and asks that the cause be remanded, while appellant, not denying that the court did commit error, nevertheless insists that

the cause should not be remanded for the reason that on the undisputed evidence appellee was guilty of contributory negligence for which the cause should be here rendered. But we do not agree with this contention, and in view of the reversal it is perhaps not proper that we should indulge in a discussion of the evidence.

[1] It is sufficient to say that whether or not the appellee was in the exercise of ordinary care for his own safety in his effort to "steady" the stove in the wagon while his wife drove across the railway track, which crossing she notified her husband "looked a little rough," was a question for the jury, even though he was at the time engaged in the perhaps unnecessary work of unscrewing a tap so as to be able to remove the oven from the stove more readily when he reached home.

[2] It cannot be said as matter of law that one is guilty of contributory negligence in attempting that which he knows is attended by some degree of danger. G., C. & S. F. Ry. v. Gasscamp, 69 Tex. 545, 7 S. W. 227.

The defects in the charge wherein error is confessed consist in submitting as an item of recovery the loss of future earnings when there was neither pleading nor evidence to authorize it, and also the item of injury to the stove as to which there was no proof.

Other assignments should also be noticed in view of the reversal.

[3] It was not proper to make appellant's liability depend upon its failure to maintain the crossing in the same condition it was in before appellant's line of railway crossed said street, when there was no evidence as to the condition of such street before the railway built its line. This was a false test of negligence. Again, there is much room for the contention that the court assumed in the first paragraph of his charge that there was negligence in using the phrase "by reason of the failure on the part of the defendant company to keep it in good repair."

[4] Appellee's special charge forming the basis for appellant's ninth assignment of error was improperly given because substantially the same charge was included in the main charge.

For the error discussed, the judgment is reversed, and the cause remanded.