**SULLIVAN et al. v. TRAMMELL.**

No. 2037.

Court of Civil Appeals of Texas. Waco.

June 15, 1939.

Rehearing Denied July 6, 1939.

Kyle Vick, of Waco, and Geo. W. Barcus, Asst. Atty. Gen., for appellants.

George Clark and Claude Miller, both of Waco, for appellee.

GEORGE, Justice.

This suit was brought by J. M. Trammell, as next friend for his minor daughter, Maurine Trammell, against R. T. Sullivan and J. R. Knight for damages growing out of personal injuries sustained by her, which, it was alleged, were caused by the negligence of appellants' employee, Earl Barnes, and appellant R. T. Sullivan. The trial court rendered judgment in favor of Maurine Trammell on the jury's findings.

Appellants contend (1) that the evidence shows that Maurine Trammell was guilty of contributory negligence as a matter of law; (2) that there is not any evidence in the record showing that the appellants, or either of them, were guilty of any acts of negligence which proximately caused the injury complained of; (3) that the acts of the father, J. M. Trammell, (a) in failing to notify appellants of the existence of the hole, (b) in failing to fill in the hole, and (c) in failing to prevent Maurine Trammell from playing in and around the hole were independent and intervening agencies and were the sole and only causes of her injury; and (4) that the trial court erred in refusing to submit the following special issues requested by appellants, to-wit:

"Special Issue No. 3: Do you find from a preponderance of the evidence that the failure on the part of the plaintiff, Maurine Trammell, to see the hole at the time she fell into the same was carelessness on her part?"

"Special Issue No. 4: Did the act of plaintiff, Maurine Trammell, in failing to see the hole in the ground at the time she fell into the same proximately cause or contribute to cause the accident and injury sustained by her?"

R. T. Sullivan and J. R. Knight are partners doing business under the firm name of Waco Oil Company. They installed a pump and gasoline storage tank on the T. Jeff Smith farm near Waco during the time Cox Bros. conducted a dairy thereon. The pump and gasoline tank were placed in the back yard near the woodpile between the dwelling house and the barn. J. M. Trammell moved on the farm as a tenant in January 1936. Maurine Trammell moved to her grandmother's for the purpose of completing the school year in the Lorena schools and only

spent the weekends with her parents. Maurine was eleven years of age and in the sixth grade. R. T. Sullivan, in February 1936, sent Earl Barnes to get the pump and tank and instructed him to fill up the hole that would be left by the removal of the tank. The excavation was three feet by five feet and between eighteen inches and three feet in depth. Barnes only partially filled in the excavation. He promised to return and complete filling it up level with the surrounding ground. Maurine Trammell, on May 9, 1936, after sundown and before dark, while running to catch a ball thrown by her sixteen year old cousin, Eloise Horton, fell into the hole and received, as a result of the fall, a broken arm and other minor injuries. She had seen the hole on her former weekend visits to her home and had played in, over and around it, apparently without any injury to herself. She did not know that she was close to the hole until she fell in it. She had forgotten all about it. She was looking at the ball at the time she fell instead of where she was going. She knew enough about a hole like that to know that if she got around too close and fell in it, she was liable to receive some injury. The evidence does not inform us of the size of the back yard, the place where the girls commenced to play ball, whether either had played near to the hole, the speed of the thrown ball, whether it was thrown horizontally or up into the air, in what part of the yard the girls were playing ball at the time Maurine ran to catch the thrown ball at the time she fell in the hole, how far they were playing from the hole, how long it had been since Maurine had seen the hole prior to the time of her injury, whether the hole was plainly visible to her from the position in which she commenced to play ball, whether she had any other convenient and accessible place in which to play ball and whether she knew or realized the likelihood of receiving an injury if she played ball in the yard by reason of the existence of the hole.

Appellants plead in substance that Maurine Trammell, while a minor, was a child of over the average intelligence and was on the date of her injury fully capable of understanding and comprehending danger to herself and the consequences incident to playing in and around the hole in the ground, and that she was guilty of contributory negligence proximately causing or proximately contributing to cause her injury in that (a) she was living on and occupying the land and had been for many months and knew of the existence of the hole, and (b) she negligently and carelessly played in and around the hole, knowing the same to be there, in disregard of her own safety.

The acts and omissions of Barnes were the acts and omissions of Sullivan and Knight, and his knowledge in the matter was their knowledge, for the reason that he, in removing the tank, was acting within the scope of his employment and in the furtherance of their business, and they are responsible for his failure to fill in the excavation. Cook v. Houston Direct Navigation Co., 76 Tex. 353, 13 S. W. 475, 18 Am.St.Rep. 52. The jury's findings to the effect that Maurine Trammell's injuries were proximately caused by the wrongful act of appellants' employee in failing to fill in the excavation and in leaving the hole uncovered have strong support in the evidence. Barnes admitted that he did not fill the excavation level with the surrounding ground. Both appellant Sullivan and his employee Barnes knew that they owed the duty of filling in the excavation, and that if they did not do so, they would be breaching that duty. They also anticipated the danger of leaving the hole unfilled. Henry v. Publix Theatres Corporation, Tex.Civ.App., 25 S. W.2d 695.

The difficult question presented is whether Maurine Trammell, under the circumstances manifest by the record in this case, was guilty of contributory negligence as a matter of law in playing ball in the yard on the occasion she received her injury. Our Supreme Court, speaking through Judge Brown, in the case of Lee v. International & G. N. R. Co., 89 Tex. 583, 36 S.W. 63, 65, said: "Negligence, whether of the plaintiff or defendant, is generally a question of fact and becomes a question of law, to be decided by the court, only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question;" and the Supreme Court, in the case of Wininger v. Fort Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150, laid down the rule that this court is not authorized to reverse the judgment of the trial court and render judgment for appellants, if, discarding all adverse evidence and giving credit to all evidence favorable to appellee and in-

dulging every legitimate conclusion favorable to the appellee which might have been drawn from the facts proved, a jury might have found in favor of appellee. If the undisputed evidence in this case showed the existence of danger in playing ball in the back yard and that Maurine Trammell had knowledge or was chargeable with knowledge of the danger and exercised no care whatever for her own safety and offered no excuse for its absence, then there is established a case of contributory negligence as a matter of law. Galveston H. & S. A. R. Co. v. Price, Tex. Com.App., 240 S.W. 524; Cisco & N. E. R. Co. v. McCharen, Tex.Civ.App., 118 S. W.2d 844.

Applying the above rules to the facts of this case, we have the situation of an eleven year old girl being injured by falling into a hole wrongfully left in her father's back yard by appellants' employee, where she had a right to play, while she was running to catch a thrown ball, at a time when she was not conscious of the existence of the hole and its location. The fact that she had seen the hole on her former visits to her father's home and had played in, around and over it without harm to herself, and the fact that she had sufficient intelligence to know that if she got too close to the hole and fell in that she might receive some character of injury would not of themselves convict her of contributory negligence. The former would tend to negative the idea that she understood and appreciated the danger incident to playing ball in the back yard, and the latter is only a circumstance bearing on the issue of her knowledge of the danger and whether she should be charged with knowledge of such danger. Whether she should have remembered that evening the existence of the hole and its location and refrained from playing in the yard so long as it remained unfilled is a circumstance to be considered by the jury in connection with the silence of the record as to whether she had any other convenient and accessible place in which to play in ascertaining what an ordinarily prudent person would have done under the same and similar circumstances. That she had forgotten the existence of the hole means that she was not conscious of the hole's existence and its location and of any danger in connection therewith and negatives the idea that she either understood or appreciated the peril incident to

playing ball in the yard. It also suggests defective memory or lack of cause for remembrance rather than carelessness. The fact that she was looking at and trying to catch the thrown ball when she fell in the hole instead of looking where she was going is only a circumstance bearing upon whether she was guilty of contributory negligence. It was the function of the jury to say what precautions were called for by the particular situation and to pass upon the sufficiency of the facts and circumstances presented to them to establish negligence on the part of Maurine Trammell. The record discloses that there is presented only a partial picture of the material facts existent at the time in question bearing on the negligence vel non of Maurine Trammell. We do not know how long it had been since she had seen the hole, what had been her experiences in connection with holes of that character, whether she or any of the children had been playing prior thereto in the yard without any injury to any of them, whether she had any other available and accessible place in which to play ball, what part of the yard she commenced to play ball in, whether she could see the hole from where she commenced to play ball, how close she knowingly played in and around the hole, and what precautions, if any, she had taken before beginning to play ball and during the time that she played ball to protect herself from injury, etc. The facts and circumstances, as reflected by the record, present the basis for more than one reasonable inference. They do not establish lack of care on the part of Maurine Trammell for her safety in going into the yard and playing ball therein and falling into the hole while so doing, but present only some of her acts and omissions at the time. They do not establish that no care whatever was taken, and that no excuse exists for the absence of care, but rather raise issues for the jury to determine as to whether or not care was taken and whether the care taken was sufficient. The facts and circumstances of this case place it within the principles recognized in the following cases: Galveston H. & S. A. R. Co. v. Price, Tex.Com.App., 240 S.W. 524; Barron v. Houston E. & W. T. R. Co., Tex. Com.App., 249 S.W. 825; St. Louis S. W. R. Co. v. Smith, 49 Tex.Civ.App. 1, 107 S. W. 638, writ denied; Quanah & A. P. R. Co. v. McWhorter, Tex.Civ.App., 136 S.W. 1162; Gulf C. & S. F. R. Co. v. Gascamp,

69 Tex. 545, 7 S.W. 227; Duron v. Beaumont Iron Works, Tex.Com.App., 7 S.W. 2d 867; Galveston Electric Co. v. Antonini, Tex.Civ.App., 152 S.W. 841; Northcutt v. Magnolia Petroleum Company, Tex.Civ.App., 90 S.W.2d 632, pars. 5, 6 and 7; St. Louis B. & M. R. Co. v. Brack, Tex.Civ.App., 102 S.W.2d 261, par. 4; Houston & T. C. R. Co. v. Bulger, 35 Tex.Civ.App. 478, 80 S.W. 557, par. 10; Northern Texas Traction Co. v. Thetford, Tex.Com.App., 44 S.W.2d 902; Johns v. Fort Worth Power & Light Co., Tex. Civ.App., 30 S.W.2d 549; Houston & T. C. R. Co. v. Boozer, 70 Tex. 530, 8 S.W. 119, 8 Am.St.Rep. 615; City of Henderson v. Fields, Tex.Civ.App., 194 S.W. 1003, par. 6; 28 Cyc. 1432; Gulf, C. & S. F. R. Co. v. Grisom, 36 Tex.Civ.App. 630, 82 S.W. 671; Evansich v. Gulf C. & S. F. R. Co., 57 Tex. 126, 44 Am.Rep. 586; Mills v. Missouri K. & T. R. Co., 94 Tex. 242, 59 S.W. 874, 55 L.R.A. 497; Lee v. International & G. N. R. Co., 89 Tex. 583, 36 S.W. 63; Houston & T. C. R. Co. v. Simpson, 60 Tex. 103; Houston & T. C. R. Co. v. Sympkins, 54 Tex. 615, 38 Am.Rep. 632.

The only question passed upon by the trial court in the case of St. Louis S. W. R. Co. v. Shiflet, 94 Tex. 131, 58 S.W. 945, 947, was whether there was any evidence to sustain the finding of the jury that Thomas Shiflet was without sufficient discretion and judgment to understand and appreciate the danger of his position. The Supreme Court reversed the case on the ground that the district court erred in submitting that issue to the jury, for the reason there was no evidence to raise such issue, but did not render the cause even though all parties had tried the case on the theory that Thomas Shiflet, a twelve year old boy, was guilty of negligence in being on the railroad track as a matter of law. The court said: "And the question is, was he so wanting in knowledge of the danger of his position, and so incapable of appreciating that danger, as to excuse him for being in the position of danger? There is no evidence which tends to prove that Thomas Shiflet did not know the danger of being upon the railroad track, or that, knowing the danger, there was any reason why he should not have appreciated it as fully as any other person. * * * and it seems to us that the consciousness of danger in the place he occupied constitutes the negligence, and establishes the responsibility for remaining in that position." The question in the in-

stant case is whether Maurine Trammell was guilty of negligence as a matter of law and not whether Maurine Trammell, assuming she was guilty of negligence proximately causing her injuries, was so wanting in knowledge of the danger of her position and so incapable of appreciating that danger as to excuse her for being in the position of danger.

In Duron v. Beaumont Iron Works, Tex. Com.App., 7 S.W.2d 867, 871, the court, speaking through Judge Leddy, said: "Neither are we able to agree with the conclusion of the Court of Civil Appeals that the injured boy was guilty of contributory negligence as a matter of law." The case was reversed on rehearing solely for the reason that the court had failed to properly place the burden of proof on the issue whether Robert Duron had sufficient intelligence and ability to understand the dangers incident to going near, touching or playing with the machinery. That case called for the application of the attractive nuisance doctrine in which one of the elements of a cause of action is that the child must be of such tender years and immature judgment as to be irresistibly attracted to the place of danger.

In the case of Manlove v. Lavelle, Tex. Civ.App., 235 S.W. 324, the court held that the evidence was sufficient to raise the issue of contributory negligence and reversed the case on the sole ground of erroneous instruction in connection with the issue of contributory negligence.

In Dowlen v. Texas Power & Light Co., Tex.Civ.App., 174 S.W. 674, 676, the jury found that V. A. Dowlen, a minor, was guilty of negligence proximately causing his injuries. The Court of Civil Appeals, in upholding the trial court's instructions to the jury, said: "The language both of the main charge and of the special charge makes it clear that the prudence required of the plaintiff in this case was to be measured by what a child of his age, intelligence, and experience would ordinarily do under such circumstances."

The case of Northern Texas Traction Co. v. Thetford, 28 S.W.2d 906, 44 S.W.2d 902, 903, 904, was affirmed by the Court of Civil Appeals and reversed by the Commission of Appeals on the ground that the effect of the trial court's charge was to exclude from the consideration of the jury the question raised by the evidence of Fred Thetford's capacity to appreciate the dangers of the situation, for the stand-

ard of care set up in the charge was such degree of care as a child of ordinary prudence of Fred's age would have exer-cised under the circumstances. · Judge Harvey, in discussing the charge, said: "In determining whether negligence is chargeable against a child who has passed beyond the age of irresponsibility, an in-quiry as to the extent of his capacity to appreciate the dangers of the situation is of prime importance. The law requires that he exercise such degree of care as a person of his capacity would ordinarily exercise, under like circumstances. The matter of age, though germane to the question of capacity, is not necessarily of controlling force."

In the case of Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 378, 31 L.R.A.,N.S., 1218, Ann.Cas.1913A, 111, the court, speaking through Judge Wil-liams, used this language: " * * * this differs from them all in the fact that the boy knew the situation fully and how to avoid the danger. We do not mean that contributory negligence is to be charged to the boy as a matter of law, but that the omission of the defendant in not in-structing and protecting him does not con-stitute actionable negligence, since he had the knowledge which instruction would have given him, and knew how to avoid this particular danger. This knowledge, affirmatively shown and admitted, distin-guishes this case from Cook v. Navigation Co., 76 Tex. 353, 13 S.W. 475, 18 Am.St. Rep. 52, which refuses to hold as a mat-ter of law that a child between thirteen and fourteen years of age has sufficient knowl-edge and experience to appreciate and avoid danger."

In the case of Cisco & N. E. R. Co. v. McCharen, Tex.Civ.App., 118 S.W.2d 844, the facts reveal that the injured party at and before his injury knew and was con-scious of the danger and that he, with present understanding and appreciation of the danger, exercised no care whatever for his safety in crossing the railroad track. The facts of that case are materially dif-ferent from those of the instant case. In that case a full picture of the knowledge and conduct of the injured party were presented, while in the instant case only a partial picture of the knowledge and con-duct of the injured party is given. The facts in the instant case tend to show lack of knowledge of danger on the part of Maurine Trammell, and there is no show-ing that she did not exercise any care whatsoever for her safety and protection.

Thus, the facts of the instant case dis-tinguish it from each and every one of the principal cases cited and relied on by ap-pellant.

The jury found that J. M. Tram-mell was guilty of negligence (a) in failing to notify appellants of the existence of the hole, (b) in failing to fill in the hole, and (c) in failing to prevent Maurine Trammell from playing in and around the hole, but they did not find that any of such negligent acts on his part was a proximate cause of her injury, an independent and intervening agency, or the sole and only cause of her injury. The negligence of J. M. Trammell is not imputable to Maurine Trammell and does not constitute a bar to her recovery in this cause. Galveston H. & H. R. Co. v. Moore, 59 Tex. 64, 46 Am.Rep. 265; Western Union Telegraph Co. v. Hoffman, 80 Tex. 420, 15 S.W. 1048, 26 Am.St.Rep. 759; Terrell Wells Health Resort v. Severeid, Tex.Civ. App., 95 S.W.2d 526, par. 5; Gulf Produc-tion Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166, par. 5; Poteet v. Blossom Oil & Cotton Co., 53 Tex.Civ.App. 187, 115 S. W. 289, pars. 8 and 9; St. Louis S. W. Ry. Co. of Texas v. Byers, Tex.Civ.App., 70 S.W. 558, par. 6; Texas & P. R. Co. v. Kingston, 30 Tex.Civ.App. 24, 68 S.W. 518, par. 3; Allen v. Texas & P. R. Co., Tex.Civ. App., 27 S.W. 943, par. 1.

Appellants plead that Maurine Trammell was guilty of contributory negli-gence that proximately caused or proxi-mately contributed to her injury in the fol-lowing respects: (a) that the said Maurine Trammell was living on said land and oc-cupying the premises and had been for many months and she knew of the exist-ence of such hole, if one did exist; and (b) that the said Maurine Trammell negli-gently and carelessly played in and around said hole, knowing the same to be there, in disregard of her own safety. The jury found, in response to issues submitted to them, (a) that the act of Maurine Tram-mell, in playing in and around said hole, knowing same to be there, did not con-stitute negligence, and (b) that the act of Maurine Trammell, in playing around the hole in question, did not constitute negli-gence. Thus, the only grounds of con-tributory negligence specifically plead by appellants were submitted to the jury and found against them. Rosenbaum Grain Co.

v. Mitchell, 105 Tex. 160, 145 S.W. 1188; Liner v. U. S. Torpedo Co., Tex.Com.App., 12 S.W.2d 552, pars. 8 and 12; Texas & P. R. Co. v. Johnson, Tex.Civ.App., 34 S. W. 186; Cisco & N. E. R. Co. v. McCharen, Tex.Civ.App., 118 S.W.2d 844.

The judgment of the trial court is affirmed.

ALEXANDER, Justice (dissenting).

I cannot agree with the disposition of the case as made by the majority opinion.

The danger incident to playing around the hole was open, visible and readily apparent to anyone of normal intelligence. It was not a concealed danger or tricky situation such as was dealt with by the courts in Duron v. Beaumont Iron Works, Tex.Com.App., 7 S.W.2d 867, 9 S.W.2d 1104, 1105. Maurine Trammell was eleven years old and apparently of normal mentality for one of her age. She had spent the weekends with her parents at the family residence and had had an opportunity to be around and observe the hole each week from about February 1st to May 9th, the date of her injury. She testified:

"Q. You knew this hole was there in the ground, didn't you? A. Yes, sir.

"Q. How many times do you think you had seen it? A. I had seen it all the time."

She further testified without equivocation that she knew that if she played too close around the hole and fell into it, she was liable to be injured. There were no pleadings, evidence or findings of the jury that she did not understand and appreciate the danger. She said she forgot about the hole when the ball was thrown and ran into it while trying to catch the ball.

It is a well established rule that where the injured party knew of and fully appreciated the danger in time to have avoided injury, he cannot recover, even though the defendant negligently created the dangerous situation. 30 Tex.Jur. 882; Stam-ford Oil Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, par. 7, 31 L.R.A.,N.S., 1218, Ann.Cas.1913A, 111; City of Menard v. Coats, Tex.Civ.App., 60 S.W.2d 831; Dowlen v. Texas Power & Light Co., Tex. Civ.App., 174 S.W. 674; Freeman v. Garcia, 56 Tex.Civ.App. 638, 121 S.W. 886; Jones v. Beck, Tex.Civ.App., 109 S.W.2d 787. It has been held that "where a minor possesses such a degree of intelligence as to appreciate the danger involved in his act, he is chargeable with contributory negligence as any other person." City of Menard v. Coats, Tex.Civ.App., 60 S.W.2d 831, 833; Jagoe Construction Co. v. Harrison, Tex.Civ.App., 17 S.W.2d 861; Krisch v. Richter, 61 Tex.Civ.App. 563, 130 S.W. 186; Dudley & Orr v. Hawkins, Tex. Civ.App., 183 S.W. 776; City of Brownwood v. Anderson, Tex.Civ.App., 92 S.W. 2d 325; Manlove v. Lavelle, Tex.Civ.App., 235 S.W. 324; Freeman v. Garcia, 56 Tex. Civ.App. 638, 121 S.W. 886; Texas Public Service Co. v. Laughead, Tex.Civ.App., 73 S.W.2d 925.

There are cases in which it has been held that temporary forgetfulness justifies conduct that would otherwise amount to contributory negligence, but an examination of such authorities will disclose that the rule has application only where the dangerous situation is not readily apparent or where the mind of the injured party is distracted by the sudden happening of an unexpected event or emergency which greatly confuses or overwhelms the mind. It ought not to be applied where the dangerous situation is apparent and the party seeking to justify his conduct deliberately brings about the event which causes the distraction or where he merely allows his mind to become so absorbed in matters of his own concern as to obliterate, temporarily, his knowledge of the danger. See in this connection: 45 C.J. 950; 20 R.C.L. 109; Fort Worth & R. G. R. Co. v. Robinson, 37 Tex.Civ.App. 465, 84 S.W. 410, Id., 99 Tex. 110, 87 S.W. 667.