TEXAS CO. et al. v. BECK.†

(Court of Civil Appeals of Texas. Nov. 23, 1910. Rehearing Denied Jan. 11, 1911.)

MASTER AND SERVANT (§ 240*)—INJURY TO EMPLOYÉ—RAILROADS—CONTRIBUTORY NEGLIGENCE.

Where a laborer on a railroad assisted in propelling a hand car at a dangerous rate of speed, knowing that the car was defective and appreciating the danger liable to arise from the defects and the excessive speed, and in consequence thereof he was thrown off and injured, he was guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 240.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Mike Beck against the Texas Company and another. From a judgment for plaintiff against the Texas Company, defendants bring error. Reversed, and judgment rendered for defendant.

J. L. Autry, Robt. A. John, and Hutcheson, Campbell & Hutcheson, for plaintiffs in error. John Lovejoy and J. W. Parker, for defendant in error.

NEILL, J. This suit was brought by defendant in error, hereinafter called plaintiff, against the Texas Company and the Trinity & Brazos Valley Railway Company, hereinafter called defendants, to recover damages for personal injuries alleged to have been inflicted by defendants' negligence.

The plaintiff alleged, in substance, that the Texas Company was incorporated as an oil and pipe line company, and the Trinity & Brazos Valley Railway as a common carrier; that the Texas Company procured the consent of defendant railway company to lay its pipe line along its right of way; that the railway transported on its cars and distributed along its right of way pipe used in laying the Texas Company's pipe line; that on December 17, 1907, plaintiff was engaged in the work of unloading pipe, and after this work was finished, under the direction and command of the foreman, they got upon the hand car for the purpose of returning to their camp, and that while propelling the hand car under the control, command, and direction of the said Charlton, and while running at a rate of speed permitted by him, the hand car was derailed, throwing plaintiff to the ground, and injuring him; that the derailment of the hand car was caused by the negligence and carelessness of the defendants and their men, in this, that the hand car furnished by defendants was in an unsafe and defective condition for the use intended by defendants to be made of it, in that two of its wheels were taken from another car belonging to a different railroad, and were smaller than the other two wheels of the car; and in this, that the four wheels of the said car had an unnecessary and un-safe amount of lost motion under the axles, and the flanges of said wheels were worn and broken, and insufficient to hold and keep the wheels of the car on the rails while running at a reasonable rate of speed, which defects and insufficiency, and the danger of same causing the derailment, were known to defendants, or would have been known by the exercise of ordinary care; that the defendants did not use ordinary care in selecting the car; that the foreman was inexperienced and incompetent to control and direct the work of operating the car; that the said employés, including plaintiff, were likewise inexperienced and uninformed as to the proper way of operating the car, and that such inexperience was well known to defendants, and their agents, or would have been known in the exercise of ordinary care; and on account of the inexperience and incompetency of said foreman, he caused or permitted the said hand car to be propelled at an excessive and dangerous rate of speed, considering the said defects, and insufficiency of the car as aforesaid, and the uneven and rough condition of the railroad; or, if the foreman was competent to superintend the work, then he negligently caused or permitted the car to be operated at an excessive and dangerous rate of speed, in view of the condition, and in that the men on the car, other than the plaintiff, operated the same in an unskillful manner; and plaintiff says that the defendants having furnished the said car for his use, and he having been commanded to use the same by the defendants' foreman, that he believed the said car could be operated with reasonable safety to himself and the other man thereon; and that in continuing to serve upon the said car, and to assist in operating the same, as he was doing at the time of the derailment, he did what a man of ordinary care would have done under the same or similar circumstances. The plaintiff was permanently and painfully injured in the left forearm, which created an obvious deformity, and injured the action of the arm. The defendant Texas Company answered by a general denial and specially pleaded assumed risk, contributory negligence, and negligence of a fellow servant. It is unnecessary to state the pleadings of the defendant railway company. The case was tried before a jury and resulted in a verdict and judgment in favor of the railway company, and against defendant Texas Company for $4,000.

The evidence shows conclusively that the plaintiff was injured while in the service of defendant Texas Company by the derailment of a hand car which he, with other members of his gang, was propelling in the ordinary manner in which cars of that kind are propelled; that the car was of the character and possessed the defects described in plaintiff's petition; that it was very hazardous,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error granted by Supreme Court.

by reason of such defects, to run the car at a greater rate of speed than three miles an hour, and the danger of derailment increased in proportion to the increase of its speed; that the plaintiff well knew of the defects in the car, and fully realized the danger, arising from such defects, of its derailment if operated at a greater speed than three miles an hour; that, knowing the defects and the danger arising from them, the plaintiff, without being ordered or directed by his foreman, who was seated on the car, knowingly assisted in propelling the car at a speed of at least eight miles an hour; that the excessive rate of speed at which the car was propelled was the proximate cause of its derailment, which caused plaintiff's injuries.

The facts thus found are conclusively shown by plaintiff's own testimony, as well as by all the evidence in the case. We, therefore, conclude that plaintiff, in assisting in the propulsion of the hand car at such a dangerous rate of speed, was guilty of contributory negligence as a matter of law (Freeman v. Garcia, 121 S. W. 886), that such negligence was the proximate cause of his injuries, and that he is not entitled to recover.

Wherefore the judgment against defendant Texas Company is reversed, and judgment is here rendered in its favor.

Reversed and rendered.